## HAMP SNAPP v. STATE.

No. 170.    Opinion Filed July 27, 1909.

(103 Pac. 553.)

1.  INDICTMENT AND INFORMATION—Misdemeanor—"Information." The office of an "information" charging a misdemeanor, under the criminal procedure act of Oklahoma, is not only to give the county court jurisdiction to issue the warrant of arrest, but it is also the pleading on the part of the state, informing said defendant of what offense he is charged with, for the purpose of the trial.

Statement of Facts.

2.   **SAME—Verification—Demurrer.**   Section 5306, Wilson's Rev. & Ann. St. 1903, provides:   "The county attorney shall subscribe his name to informations filed in the probate or district court and indorse thereon the names of the witnesses, known to him at the time of filing the same.   He shall also indorse thereon the names of such other witnesses as may afterward become known to him, at such time before the trial as the court may by rule prescribe.   All informations shall be verified by the oath of the prosecuting attorney, complainant or some other person"   **Held,** that overruling a demurrer to an information, not verified as required by the foregoing section, constitutes reversible error.

(Syllabus by the Court.)

*Error from McClain County Court; E. E. Glasco, Judge.*

Hamp Snapp was convicted of unlawfully selling liquor, and brings error to the Supreme Court. Cause transferred to Criminal Court of Appeals. Reversed and remanded.

This conviction was had on an unverified information filed in the county court of McClain county, by the county attorney of said county, which information, omitting the formal part, reads as follows:

"Comes now Ben Franklin, the duly qualified and acting county attorney, in and for McClain county, and state of Oklahoma, and on his official oath gives the county court in and for said McClain county and state of Oklahoma, to know and be informed that the above-named defendant Hamp Snapp, did, in McClain county, and in the state of Oklahoma, on the 24th day of December, in the year of our Lord A. D. 1907, commit the crime of selling intoxicating liquors in manner and form as follows. The defendant aforesaid at the time and place aforesaid did sell barter and deliver to one Zeb White, and others whose names are to this informant unknown, a quantity, the amount of which is to this informant unknown, of intoxicating liquor; namely, whisky, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the state of Oklahoma. Ben Franklin, County Attorney, McClain County."

To which information a demurrer was filed, which demurrer the court overruled, exception allowed. Whereupon the defendant was duly arraigned and entered a plea of "not guilty." On Jan-

uary 15, 1908, a trial was had, which resulted in a verdict of guilty. On said day a motion for a new trial was filed. On January 17, 1909, a motion in arrest of judgment was filed, which motions were by the court overruled, and exception allowed. Whereupon the court sentenced defendant to pay a fine of $250 and to be confined six months in the county jail. On April 29, 1908, defendant filed his petition in error and case-made in the Supreme Court. Upon the organization of the Criminal Court of Appeals, the Supreme Court transferred, as provided by law, said cause to this court. At the May term, 1909, of this court, said cause was submitted.

*Rennie, Hocker & Moore,* for plaintiff in error.
*Fred S. Caldwell,* for the State.

DOYLE, JUDGE. (after stating the facts as above). The petition sets forth numerous assignments of error, which are argued in the brief. However, it is unnecessary to notice but the one, that:

"The court erred in overruling defendant's demurrer to the information, which demurrer was properly presented prior to the plea herein, and exception properly saved thereto by proper motion in arrest of judgment was by the court overruled, to which the defendant duly excepted: (A) Because said information was not verified. (B) Because said information fails to state that the sale complained of was an unlawful sale. (C) Because said information charges more than one offense, charging a sale to one Zeb White, and also sales to other persons unknown to the county attorney. (D) Because said information concludes 'against the form of the statutes in such cases made and provided'; and, whereas there is no statute of Oklahoma prohibiting such sales. (E) Because there are no names of witnesses indorsed on said information."

Under this assignment the question presented is identical with that in the case of *Salter v. State, ante,* p. 464, 102 Pac. 719, wherein this court held that a verification upon information and belief is not in law or in fact a verification on oath or affirmation, and in the case of *De Graff v. State, post,* p. 518, 103 Pac.

538, the question has been fully determined. See, also, *Ex parte Flowers, ante,* p. 430, 101 Pac. 860. The third paragraph of the syllabus in the Flowers Case is as follows:

"Under the laws of this state no particular form of affidavit charging the commission of a misdemeanor is prescribed. Such affidavit sufficiently complies with the requirements of the statutes when it substantially states an offense defined by the statutes, and such affidavit is sufficient to base an information upon, provided that the information predicated on such affidavit is positively sworn to by the county attorney."

Counsel for the state in his brief contends that:

"An information of this sort filed by a prosecuting attorney of this state requires no verification other than the official oath of the public prosecutor, and section 1960, Gen. St. Okla. 1908, the same being from Sess. Laws Okla. T. 1895, p. 189, c. 41, § 5, in so far as it undertakes to require any other or different verification on the part of county attorneys, is repugnant to section 26, art. 2, of the Constitution of the state of Oklahoma. If the Constitution, in providing that crimes may be prosecuted by information, used the term 'information' in its common-law sense, and an 'information' at common law required no verification other than the official oath of the public prosecutor, by what authority can the Legislature change the common-law sense in which the term 'information' has been used in the Constitution by requiring informations to be verified in a manner entirely unknown to the common law?"

In the opinion rendered in the case of *Saller v. State, supra,* this court said:

"This contention is obviously without merit. The error of the argument is so self-evident as to require only a passing notice. Counsel overlooks the fact that by the adoption of the fourth amendment of the federal Constitution the procedure by information lost its prerogative function or quality. It could not thereafter be the vehicle of preferring any arbitrary accusation. *United States v. Tureaud* (C. C.) 20 Fed. 621. The constitutional provision in the Bill of Rights is but a reiteration of this essential safeguard of the liberty and security of the citizen against the arbitrary action of those in authority. Such pernicious practice may suit the purpose of despotic power, but is alien to the pure

atmosphere of political liberty and personal freedom. The Constitution expressly requires a showing of cause before a warrant shall issue, and the constitutional safeguards for security and liberty cannot in this manner be abrogated or abridged. They must stand as adopted by the people."

Clearly, within the cases above cited, the judgment in this case cannot be permitted to stand. As the case must be remanded for a new trial we wish to call attention to the fact that the instruction defining "reasonable doubt" is erroneous. See *Abbott v. Territory*, 1 Okla. Cr. 1, 94 Pac. 179, 16 L. R. A. (N. S.) 260; *Price v. State*, 1 Okla. Cr. 358, 98 Pac. 447.

For the reasons stated in *Salter v. State*, and *De Graff v. State, supra*, the judgment of the county court of McClain county, in this case, is hereby reversed, and the case remanded to that court for further proceedings not inconsistent with the views expressed in this opinion.

FURMAN, Presiding Judge, and OWEN, Judge, concur.