### HERSCHEL ROBERTS v. STATE.

No. A-9800. July 2, 1941.

(115 P. 2d 270.)

386

Marion Henderson, of Pauls Valley, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

JONES, J. The defendant, Herschel Roberts, was charged in the county court of Garvin county with the crime of unlawful possession of intoxicating liquor. A plea of guilty was entered by the defendant, and he was sentenced by the court to serve 45 days in the county jail and to pay a fine of $250 and costs, from which judgment and sentence he has appealed to this court.

On the date sentence was pronounced against the defendant, he filed a motion for permission to withdraw his plea of guilty, which motion was denied by the court

and sentence pronounced. Subsequently, and within the time provided by law, the defendant filed a motion for a new trial, which was overruled and exception allowed to defendant; and it is from the overruling of this motion for a new trial that an appeal has been taken to this court. Four propositions are raised in defendant's brief, and they shall be discussed in order of presentation.

It is contended that the conviction of a person under an information not signed by the county attorney is void for the want of jurisdiction of the trial court. In connection with this contention, it is stipulated by the parties that the county attorney's name, which appeared on the information filed against the defendant, was signed by his stenographer.

Several cases are cited in the brief of defendant in support of this proposition. A study of those cases discloses that in each instance the question of the insufficiency of the information was properly raised by a motion to quash or a demurrer prior to the time the defendant entered his plea to the merits of the case. While a reading of the syllabus of some of the cases cited by counsel for defendant would indicate that a judgment rendered on an information charging a misdemeanor is void, where the information is not signed by the county attorney, it is significant that this court has never made such a ruling except where the question is raised by proper objection before pleading to the merits.

This matter was first presented to the Criminal Court of Appeals in the case of Brown v. State, 9 Okla. Cr. 382, 132 P. 359. Judge Furman discussed this question at length in that case, and his opinion is sound. Under the reasoning of that case, there would be no distinction so far as the signing of the information is concerned between a felony and a misdemeanor. It was therein held:

"(a)   A departure from the form or mode prescribed in the Code of Criminal Procedure in respect to any pleadings or proceedings or any mistake therein will not render a judgment of conviction invalid unless it has actually prejudiced the defendant or tended to prejudice him in respect to his substantial rights.

"(b)   When an information is not signed by the county attorney, it fails to comply with the requirements of the Code, but under section 6754, Comp. Laws 1909 [Rev. Laws, 5799, sec. 2956, O. S. 1931, 22 Okla. St. Ann. § 512] this defect can only be taken advantage of by demurrer and cannot be raised in the first instance in arrest of judgment.

"(c)   Jurisdiction of the subject-matter cannot be conferred by consent, and the want of such jurisdiction cannot be waived, but jurisdiction of the person can be conferred by consent and the want of such jurisdiction is waived unless objected to in apt time.

"(d)   The Code of Criminal Procedure directs that all informations shall be signed by the county attorney. This is required as a guaranty of good faith and to protect a defendant against prosecution by private parties without authority of law; but where a defendant pleads to an information which is not signed by the county attorney, and without objection goes to trial thereon, he waives all right to afterwards object to the information upon this ground, and cannot be heard upon appeal to complain that the information was not signed by the county attorney as directed by law."

We are impressed with the logic of Judge Furman's opinion in disposing of this question and feel that said decision is applicable and should control in the instant case.

It is next contended that the county attorney, who prior to his election and qualification as such was counsel for defendant in this criminal action, is disqualified to appear and prosecute said defendant on behalf of the state.

The record herein discloses many queer and, to this court, strange things happening concerning the offense. The defendant was first charged with this crime by Clarence Bowie, county attorney; and upon his arraignment in February, 1936, he appeared with his attorney, Sam Goodwin, who was later elected county attorney. Later, and on April 12, 1937, one Harold Freeman filed an affidavit for a continuance of the case, which was then set for trial, for the reason the said Harold Freeman was defendant's sole counsel, and that he was a member of the Legislature which was then in session. Upon the filing of this affidavit, and in conformity to the statute covering such cases, the county court struck the case from that trial assignment. Mr. Freeman has never appeared further in the case. When the case was reset for trial in 1939, the defendant appeared in person and by his attorney, C. J. Moody. The original information charged the defendant jointly with his brother, Lewis Roberts. According to the minutes of the county court, the charge was dismissed as to Lewis Roberts on motion of the county attorney; and the defendant at that time withdrew his plea of not guilty and entered a plea of guilty. Sentence was deferred to October 2, 1939. On October 2, 1939, the defendant appeared in person and by his attorney, C. J. Moody; and upon their application sentence was further deferred to October 9, 1939. The record next shows that sentence was deferred to October 26, 1939; and on that date sentence was further deferred to October 28, 1939, upon which date sentence was further deferred to November 10, 1939, at 9 o'clock.

On November 10, 1939, the defendant filed a motion to withdraw his plea of guilty, in which he alleged that he was ignorant of the law, and through mistake, inadvertence, and without due deliberation, had entered his

plea of guilty, mainly from the hope that he was not to have to serve any punishment; and he was under the impression that he would receive a suspended sentence; and that he had now learned that the information was void for the reason that it had not been signed by the county attorney, and the search warrant issued in said case was illegal and unauthorized, and that the now acting county attorney of Garvin county was employed at the time the information was filed to represent him, the said defendant.

It is significant that at the hearing upon this motion, the defendant appeared with another attorney, Clarence Bowie, who was the county attorney who first filed the information against the defendant. Here we have the strange coincidence of the man who first appeared as attorney for the defendant later being elected county attorney, and, therefore, disqualified to prosecute the defendant, and the county attorney who first filed the information against defendant now appearing as defendant's counsel. The record does not disclose that Mr. Goodwin, the present county attorney, ever appeared for the state in connection with this hearing, but that his assistant, Mr. Farmer, appeared and examined the witnesses when the defendant presented his motion to withdraw his plea of guilty. Mr. Bowie, the former county attorney, did appear for the defendant, examined witnesses in his behalf, and made the stipulation that he had not signed the information in the case, but that it was signed by Joy Mays, the stenographer. While his conduct as such attorney is not now before this court, it is so reprehensible that we feel it our duty to state that his action is a matter which probably should be investigated by the State Bar and by the county attorney of Garvin county. See section 181, O. S. 1931, 21 Okla. St. Ann. § 556.

After the motion to withdraw the plea of guilty was overruled by the court and the appeal taken to this court, still another attorney appeared in the case in the person of Mr. Henderson, who has filed a very able brief in support of the contentions of the defendant.

In addition to the two grounds above set forth, it is further contended that the court abused its discretion in not allowing the defendant to withdraw his plea of guilty, and that the judgment and sentence is excessive.

We have examined the record thoroughly and do not feel that it is necessary to give an extended discussion of the evidence in connection with the application to withdraw the plea of guilty. It is sufficient to say that the defendant had the aid and assistance of able counsel when his plea of guilty was entered. It is apparent from the record that the defendant has exhausted every means at his command to avoid paying the penalty of this offense. His efforts to delay have met with a great deal of success as the final judgment in this matter has been postponed several years. Justice has been long delayed, but the day has finally arrived when the penalty of the law must be fulfilled.

The defendant has attempted to make a farce of this prosecution by switching from one attorney to another, but the courts of Oklahoma are not to be trifled with. The defendant was charged with the unlawful possession of 132 pints of whisky. There is nothing in the record to show his prior conduct as a citizen, but it is the rule of this court not to interfere with the sentence pronounced by the trial court upon a plea of guilty unless it is manifest from the record that the sentence pronounced is excessive and not justified by any reasonable view that might be taken of the record.

We do not feel that the trial court abused its discretion in refusing to allow the defendant to withdraw his plea of guilty.

For the reasons hereinabove stated, the judgment of the county court of Garvin county is hereby affirmed.

BAREFOOT, P. J., concurs. DOYLE, J., absent.