**Mrs. Carl (Lucille) ALEXANDER, and Carl D. Alexander, Petitioners,**

v.

**The MUNICIPAL COURT OF the TOWN OF TALIHINA, LEFLORE COUNTY, State of Oklahoma, and Robert Wells, an acting Judge, Respondents.**

**No. A–15824.**

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1971.

Roehm A. West, Talihina, for petitioners.

Larry B. Lucas, Poteau, Atty., the Municipal Court of the Town of Talihina, for respondents.

BRETT, Judge:

This is an original proceeding for a Writ of Prohibition to direct respondent court to desist and refrain from further proceedings against petitioners with regard to certain charged municipal violations.

On January 16, 1970, Mrs. Carl Alexander was arrested and charged on complaint by Lindsey Thomas, Talihina Town Police Chief, for the municipal ordinance violation Breach of the Peace, case number 722, and resisting arrest, case number 723. On the same date Carl Alexander was arrested and charge on complaint by the same officer for Assault and Battery, case number 724, Resisting Arrest, case number 725, and Breach of the Peace, case number 726. Bonds on said charges were accepted by Joe Perryman, Judge of the Municipal Court of the Town of Talihina. On January 26, 1970, the petitioners by counsel filed a motion to quash with Judge Perryman, contending that the complaints charging petitioners were defective as they were not approved by the city attorney or judge

of the municipal court as required by Statute, 11 O.S.Supp.1970, § 958.12. On that date, January 26th, Judge Perryman signed an order sustaining petitioners' motion, dismissing the charges, and exonerating their bonds.

On January 28, 1970, Robert Wells, acting as judge of the municipal court, sent notice to the petitioners that they were to appear in court on February 3, 1970, to defend theirselves on the aforementioned charges. After the district court declined jurisdiction, petitioners brought this action before this Court which stayed further proceedings in the municipal court.

Petitioners contend the complaints were defective and thus properly dismissed, which divests the municipal court of further jurisdiction on these complaints. Respondents argue the defect is technical and not substantial, and further that Judge Perryman had no authority to dismiss the charges.

As to the authority of Judge Perryman, respondents claim Perryman disqualified himself from petitioner's cases at a meeting of the Board of Trustees of the Town of Talihina on January 21, 1970; thus he had no authority to dismiss the complaints. However, there is no proof of such disqualification as the record is void of any documentation of disqualification, removal, or resignation. We therefore find that Perryman, while vested with the authority and power of a judge of the municipal court, acted within his authority to dismiss the complaints. There was no lack of authority to exercise the functions of his office. Furthermore, we are of the opinion Judge Perryman correctly ruled that the prosecutions were defective as failing to comply with statutory requirements. Title 11 O.S.Supp.1970, § 958.12, provides in relevant part:

> All prosecutions commenced in such Municipal Courts shall be by complaint which shall be subscribed by the person making complaint and shall be verified before a judge, the court clerk, a deputy court clerk, or a police officer. Provided, that no warrant for arrest shall be issued until the complaint has been approved by the city attorney or the judge of the Municipal Court.

Herein the warrants and arrests were made on complaints which were not approved by the city attorney or a judge of the municipal court. This is not a mere technical defect in form, but a substantial error which rendered the prosecutions defective. The statutory and constitutional requirement is that there be a finding of probable cause by independent judgment to issue a warrant. As stated by the U.S. Supreme Court in Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 1035, 28 L.Ed.2d 306 (1971):

> The decisions of this Court concerning Fourth Amendment probable cause requirements before a warrant for either arrest or search can issue require that the judicial officer issuing such a warrant be supplied with sufficient information to support an independent judgment that probable cause exists for the warrant.

Since the complaints were not approved as required by Statute, the municipal court properly sustained petitioner's motion and dismissed the prosecutions. Since the prosecutions were lawfully dismissed, there were no cases before the court upon which a judge of the municipal court could act. Accordingly, the writ of prohibition must be granted and the respondent municipal court, and any judge thereof, be directed to refrain from any further proceedings against petitioners on these complaints.

Writ granted.

NIX, J., concurs.

BUSSEY, Presiding Judge (concurs in part, dissents in part).

While I agree that the charge should be dismissed under the facts here presented, I do not believe this should preclude a refiling of the charges in the manner provided by law.