**Harry Mitchell AKERS, Plaintiff In Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16975.**

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1971.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Frank Muret, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Harry Mitchell Akers, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Logan County, Oklahoma for the offense of Operating a Motor Vehicle At a Speed Greater Than Reasonable and Proper Under Prevailing Driving Conditions. His punishment was fixed at a fine of $75.00, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the proposition asserted we do not deem it necessary to recite a detailed statement of fact. Suffice it to say that a highway patrol trooper testified that he observed the defendant operating a motor vehicle on Interstate 35 near Guthrie, Oklahoma. The road conditions were snowy and icy and a light snow was falling. Defendant was driving approximately sixty-six (66) miles per hour and passed approximately thirty-five (35) vehicles before he was stopped by the trooper. The other vehicles on the highway were traveling at approximately forty (40) miles per

hour. The defendant testified that he was not traveling at a rate of speed in excess of safe operation of his motor vehicle. He testified that he only passed three (3) cars prior to being stopped by the trooper. He testified that he had the vehicle under his control at all times. In rebuttal, a Guthrie policeman testified that he was riding with the trooper and that the defendant passed approximately thirty-five (35) to forty (40) cars, who were traveling at approximately forty miles per hour.

The sole proposition supported by authorities asserts that the information was not certified as required by law. Title 22 O.S.Supp.1968, § 1114.3 provides in part:

"* * * A traffic ticket that is certified by the arresting officer, the complainant, the District Attorney, or other prosecuting attorney, shall constitute an information against the person arrested and served with a traffic ticket. * *"

We observe that the information is, in fact, not verified; however, we further observe that the defendant, by entering a plea of not guilty, waived any objection to the absence of the verification and the information. The Record reflects that on March 8, 1971, the defendant appeared in court without counsel, after being advised of his constitutional rights; he entered a plea of not guilty, and the case was thereupon set for a trial. In the early case of Ex parte Talley, 4 Okl.Cr. 398, 112 P. 36 (1910), we stated:

"The verification is no part of the information itself; and an unverified information charging an offense in proper and intelligible language, signed by the county attorney and filed in a court having jurisdiction of the offense charged, though insufficient to authorize the issuance of a warrant of arrest, if not properly challenged is sufficient for all other purposes. The requirement that the information be verified being for the personal benefit of the defendant, we see no reason why he may not waive it if he desires; and if he submits himself to the jurisdiction of the court, either by

voluntarily appearing and answering the information, or by failing to move to quash the same when arrested and brought up for arraignment, he thereby waives the defect."

The judgment and sentence is affirmed.

BRETT, J., concurs.