Elbert COFFER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–17689.

Court of Criminal Appeals of Oklahoma.

April 4, 1973.

Joe Boatman, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., and Michael Cauthron, Asst. Atty. Gen., for appellee.

BAILEY, Judge (Specially Assigned).

Appellant, Elbert Coffer, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Muskogee County, Oklahoma, for the offense of Murder, Case No. CRF–71–531. His punishment was fixed at life imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Dr. Harvey Randall testified that he examined the body of Sammy Degraftenreed and determined that the cause

of death was due to a gunshot wound in the right chest.

Elias Dean, next testified for the State. He testified that on December 20, 1971, the defendant approached him and asked him if he had seen Sammy Degraftenreed that evening. He stated that he had not. Shortly thereafter, the deceased came out of a house across the street and the defendant approached him. A conversation was had between the deceased and the defendant concerning rent owed by the deceased to the defendant's mother. Thereafter, the deceased got into an automobile and left. Elias Dean further testified that he, the defendant and Michael Ellis then checked several clubs in the area in an attempt to locate the deceased. All three then went to Lorene Fuller's house and all three entered. Lorene Fuller asked Elias Dean and Michael Ellis to leave; they stepped outside and the defendant had a conversation with the deceased. The defendant then ran out of the house and went across the street to his mother's house. The deceased stepped out on the front porch of Lorene Fuller's house and the defendant reappeared from out of his mother's house with a gun and shot the deceased. The defendant walked up near the deceased, then turned around and rejoined Elias Dean and Michael Ellis. The defendant's mother walked up at this time and asked what had happened. The defendant replied he had shot Sam in the leg and handed his mother the gun.

Elias Dean identified State's Exhibit No. 2 as being the gun in the possession of the defendant on the night in question.

Officer V. Moses, Jr., next testified for the State. He testified that he was a police officer with the Muskogee Police Department. On December 20, 1971, at approximately 9:30 P.M., he received a call to investigate a man lying on a front porch at 627 South Third Street. Upon arriving at the scene, he observed the deceased lying on the front porch of Lorene Fuller's house. The deceased stated he had been shot. He testified that he found no weapons around the area where the deceased was lying.

Lorene Fuller next testified. She testified that the deceased was living with her on the night of the incident. At approximately 9:00 P.M., Michael Ellis, Elias Dean, and the defendant knocked on her door and entered the house and after asking them to leave, Ellis and Dean stepped outside. The defendant and the deceased had a conversation about rent owed by the deceased to the defendant's mother. The defendant then left and the deceased, after putting on his clothes, stepped outside. Shortly thereafter, she heard something that sounded like a pop.

Michael Ellis next testified and he related substantially the same facts as related by Elias Dean.

Officer Allen Simmons, Jr., an officer of the Muskogee Police Department, testified to substantially the same facts as Officer Moses.

Ed Wayne Scott, Lorene Fuller's son, testified that he was gone to the store during the time of the shooting and upon arriving back at his mother's house, he observed the deceased stagger and fall on the porch. He asked the deceased if he was hurt and the deceased stated that, "Albert had shot him."

Officer Louis Bradley, an officer of the Muskogee Police Department, testified that defendant's mother turned over a .22 caliber pistol to him the day following the incident. He identified State's Exhibit No. 2 as being that gun.

John Thorton, an investigator for the District Attorney's office, testified he received State's Exhibit No. 2 from Officer Bradley and placed the exhibit in the evidence safe.

Betty Shepherd testified for the defendant. She testified that the deceased was her boyfriend at one time. She related incidents when he would start beating her up and the defendant would come to her rescue. She further testified that the deceased was a very heavy drinker and had a very high temper.

The defendant took the stand and related substantially the same facts as testified by the other witnesses, except he testified that after going to his house and getting his gun, he walked outside to the sidewalk and observed the deceased on the front porch of Lorene Fuller's house. He testified the deceased ran his hand up under his shirt and he thought the deceased was going to pull a gun, so he shot him.

The defendant's first proposition asserts that the original Information was not signed by the District Attorney, therefore, the trial court did not acquire jurisdiction over the defendant until the properly signed amended Information was filed just prior to his arraignment. Therefore, the preliminary hearing, held prior to the filing of the amended Information, was void and the trial court erred in not permitting a new preliminary hearing on the amended Information.

Under 22 O.S.1971, § 303, it is provided that the County Attorney, now District Attorney, shall subscribe his name to Information filed in the county, superior or district courts, now district court.

In the case of Tiller v. State, 35 Okl. Cr. 31, 247 P. 421 (1926), this Court held in the second paragraph of the Syllabus:

"The county attorney shall subscribe his name to information either in person or by some legally appointed assistant. Where the name of the county attorney is not signed to an information, it may be amended before plea by signing the name of the county attorney either by the county attorney in person or by some legally appointed assistant."

■ The purpose of the statute requiring the District Attorney to subscribe an Information is to give an official character to all prosecution and to insure that the prosecution is being conducted in good faith and not the work of private persons. Roberts v. State, 72 Okl.Cr. 384, 115 P.2d 270 (1941) [1]. In the instant case, we note that the Assistant District Attorney appear-

ed in behalf of the State to present evidence at the preliminary hearing and that the District Attorney did file a duly amended Information prior to defendant's arraignment.

■ Although it is generally held that a failure to sign an Information by the District Attorney is jurisdictional as to the person, Ex parte Long, 26 Okl.Cr. 259, 223 P. 710 (1924), it is the holding of this Court that if the District Attorney amends the unsigned Information by signing same prior to the defendant's arraignment and plea this is sufficient to give the court jurisdiction.

Further, the act of the District Attorney in signing an Information is ministerial in nature and does not effect the substances of the Information. We are, therefore, of the opinion that the defendant's right of being assured that the prosecution was being conducted in good faith was protected. Further, we do not find the defendant was prejudiced in his defense by not being granted a new preliminary hearing on the amended Information as substantially the same evidence was presented at the preliminary hearing as that adduced at the trial of the case. If the trial court had granted the defendant a new preliminary hearing, this would have simply required the State to put on the same evidence as was put on at the first preliminary hearing and would, therefore, have been an unnecessary delay in the trial. This is not to say that a new preliminary hearing should never be granted when the Information is amended prior to the defendant entering his plea, but in the instant case, no new evidence would have been presented at the preliminary hearing if granted.

The defendant's second contention asserts that the original Information was so vaguely drawn and profusely amended as to be prejudicial to the defense of his case. The original Information recited the following:

"* * * That the said Albert Coffer * * * did * * * maliciously, inten-

---

1. This case is cited only to show the purpose of the legislature in enacting 22 O.S.1971, § 303.

tionally and feloniously, without authority of law and with a premeditated design upon the part of said defendant to effect the death of a human being, to-wit: one *Albert Coffer,* shoot and discharge a leaden bullet into the body of him the same Sammy Degraftenreed, from a certain loaded _____ which he, the said Albert Coffer then and there had and held in his hand, and did then and there and thereby inflict upon the body of him the said Sammy Degraftenreed a mortal wound, from which said mortal wound the same Sammy Degraftenreed did then and there languish and die, * * *."

The State filed an amended Information prior to defendant's arraignment. The defendant admits in his brief that this cured the above complained of errors.

Title 22 O.S.1971, § 304 states:

"*An information may be amended in matter of substance or form at any time before the defendant pleads, without leave,* and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit." (Emphasis added)

 Although the original Information was poorly drawn, we believe that it was sufficient to apprise the defendant of the nature of the charges against him. We, therefore, find no merit in this proposition.

 The defendant further contends under this proposition that his defense was prejudiced by the reason of the prosecution asking for and receiving the endorsement of six additional witnesses at the preliminary hearing. The record reveals that the trial judge after granting the endorsement of the six additional witnesses at the preliminary hearing continued the preliminary hearing for a period of eight days in order to allow the defendant to interview the additional witnesses. We, therefore, find no merit in this argument.

The defendant's last proposition asserts the evidence was insufficient to support the verdict. In the case of Jones v. State, Okl. Cr., 468 P.2d 805 (1970), this Court held in the third paragraph of the Syllabus:

"Where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh the evidence and determine the facts."

In the instant case, we believe there was sufficient competent evidence for the jury to conclude that the defendant was guilty as charged.

Therefore, having considered the briefs and the records before this Court and finding the defendant was not deprived of any fundamental right, we are of the opinion that the judgment and sentence herein should be, and the same is, affirmed.

BUSSEY and BRETT, JJ., concur.