**Bill Tom HARPER, Petitioner,**

v.

**Honorable J. R. FIELD, Special Judge, District Court of the 23rd Judicial District in and for Pottawatomie County, State of Oklahoma, Respondent.**

**No. P–76–260.**

Court of Criminal Appeals of Oklahoma.

June 23, 1976.

Hugh H. Collum, Shawnee, for petitioner.

Stephen C. Lewis, Dist. Atty., Thomas A. Thompson, Asst. Dist. Atty., for respondent.

## OPINION

BRETT, Presiding Judge.

This is an original proceeding in which Petitioner, Bill Tom Harper, is seeking issuance of a Writ of Prohibition to prevent the Pottawatomie County District Court from placing him on trial for the offense of Exceeding the Speed Limit on Interstate Highway No. 40.

On October 30, 1975, the Petitioner received a traffic ticket for driving seventy-eight (78) miles per hour in a fifty-five (55) mile per hour zone. The ticket, entitled "Oklahoma Uniform Violation Complaint," and bearing the signature of the arresting officer, Charles Blunt, and Assistant District Attorney Paul Richards, was duly filed as an Information in the court clerk's office in Pottawatomie County. At the time of filing, the Information also bore the signature of Petitioner under a provision stating his entrance of appearance and a plea of not guilty.

On November 25, 1975, the Petitioner filed a Demurrer to the Information and a Plea of Abatement and oral argument was heard on December 9, 1975. At that time, the trial court ordered written briefs submitted upon which the court would make its ruling. On March 12, 1976, argument was again presented and at that time the trial court overruled Petitioner's Demurrer and Plea of Abatement and set the case for trial on its merits. From said action, the Petitioner seeks this Writ of Prohibition.

The question presented herein is, under the facts of the instant case, is the instrument entitled "Oklahoma Uniform Violations Complaint," sufficient in its present form to constitute an information thereby conferring jurisdiction upon the District Court?

The statutory authority (22 O.S.1971, § 1114.3) under attack in the case at bar provides as follows:

"Upon receipt of a traffic ticket by the court clerk, other than a traffic ticket which has been signed by the arrested person as a plea of guilty, the court clerk shall either prepare a copy of the ticket and deliver the original to the District Attorney, or record the ticket on a list maintained in the clerk's office and deliver the ticket to the District Attorney for his disposition. After disposition of the ticket by the District Attorney, the name shall be removed from the list by the court clerk. A traffic ticket that is

certified by the arresting officer, the complainant, the District Attorney, or other prosecuting attorney, shall constitute an information against the person arrested and served with the traffic ticket. The ticket shall be endorsed by the District Attorney or prosecuting attorney before it is filed with the court clerk; except, if the person arrested and served with a traffic ticket either at the time he is arrested or at a subsequent time shall indicate in writing on the ticket, above his signature, that he elects to plead guilty to the violation charged, the traffic ticket shall be filed with the court clerk, as an information, without the endorsement of the District Attorney or other prosecuting attorney, and it shall be the duty of the court clerk to notify the District Attorney and the Department of Public Safety as to the fact of such filing."

Petitioner asserts that the portion of the above quoted statute that provides:

" . . . A traffic ticket that is certified by the arresting officer, the complainant, the District Attorney, or other prosecuting attorney, shall constitute an information against the person arrested and served with the traffic ticket. The ticket shall be endorsed by the District Attorney or prosecuting attorney before it is filed with the court clerk; . . . "

does not meet the requirements of the pertinent statutory and constitutional authority in Oklahoma, in that, the instant statute does not require the citation to be verified nor subscribed to by the District Attorney as in the case of the normal Information. Accordingly, Petitioner contends that the instrument does not constitute an Information thereby conferring jurisdiction on the District Court.

■ This Court is cognizant of the voluminous problems that would be encountered, not only by the District Courts, but the public as well, if the procedure in question was not available. Therefore, it becomes clear that when the instant prob-

lem is considered in conjunction with the aforementioned statute, it is apparent that the Legislature has seen fit to carve out an exception to the normal requirements of an Information when the offense is traffic in nature.

■ However, for the sake of clarification, it should be pointed out that a person who enters an appearance and a plea of not guilty by his signature on the back of the ticket does not waive any rights afforded him by statutory or constitutional provisions; and he shall still be entitled to an arraignment at which time he shall enter a formal plea.

Therefore, it is our interpretation of all the pertinent statutes that the Legislature intended to make an exception to the general requirements of an Information when the offense is one that is traffic in nature.

Article 2, Section 17, of the Oklahoma Constitution provides as follows:

"No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information. No person shall be prosecuted for a felony by information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination. Prosecutions may be instituted in courts not of record upon a duly verified complaint."

■ The holding of this Court, based upon the interpretation of all the pertinent statutes, in the instant case is not in conflict with the above quoted constitutional provision in light of the fact that although the Constitution provides that prosecutions of criminal cases in courts of record may be by presentment or indictment or by information, it does not provide or indicate what the necessary requirements are for an Information. Therefore, in order to determine the necessary requirements for an Information, one must turn to the pertinent statutory authority. In the instant case,

as discussed above, the Legislature has delineated the requirements of an Information when the offense is traffic in nature, as set forth in 22 O.S.1971, § 1114.3.

We further note that on the reverse side of the "Oklahoma Uniform Violation Complaint," there is a space provided for the endorsement of either the District Attorney or other prosecuting attorney. When the individual makes that endorsement, he should not only place his signature in the appropriate space, but also indicate whether he is the District Attorney or an Assistant District Attorney.

 As to the case at bar, we note that the arresting officer subscribed his name to an insufficient jurat, in that, there is no indication as to the date the arresting officer found just and reasonable grounds to believe that the Petitioner herein committed the offense set forth in the traffic ticket.

We therefore hold that the "Oklahoma Uniform Violation Complaint," when properly executed, is sufficient to constitute an "Information" thereby conveying jurisdiction in the District Court; and further, that notwithstanding the indication of "not guilty" on the reverse side of said "Oklahoma Uniform Violation Complaint" the arrestee does not waive any of his constitutional rights and is entitled to be properly arraigned before the court. However, insofar as the jurat on the instant "Information" was not properly executed, the "Information" fails to meet the full requirements of the law and is, therefore, defective. Therefore, the Pottawatomie County District Court should be prohibited from proceeding in Case No. CRT–75–2612 until the arresting officer has executed a proper jurat on the present "Information" (traffic ticket), or the District Attorney elects to file a proper Information laying the instant charge again before the trial court.

For the above and foregoing reasons, the Writ of Prohibition is GRANTED IN PART, and DENIED IN PART.

BUSSEY and BLISS, JJ., concur.