Larry Eugene SKELTON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–319.

Court of Criminal Appeals of Oklahoma.

Nov. 21, 1983.

Order Reversing Conviction and Remanding for New Trial.

Larry Eugene Skelton has appealed his LeFlore County District Court conviction for Burglary of an Automobile, After Former Conviction of Two Felonies. He was sentenced to twenty years' imprisonment.

This case must be reversed and remanded for the reason that the appellant was represented at trial by the same attorney who prosecuted the case at the arraignment and preliminary hearing as the Assistant District Attorney. Reversal is mandated notwithstanding the appellant's waiver of objection to representation by that attorney.

This Court has condemned such behavior in the past. See, *Roberts v. State*, 72

Okl.Cr. 384, 115 P.2d 270 (1941) superceded on rehearing, 72 Okl.Cr. 392, 117 P.2d 174 (1941), 115 P.2d at 273. Furthermore, it is prohibited both by statute and the Code of Professional Responsibility. See, 21 O.S. 1981, § 556; 5 O.S.1981,. ch. 1, App. 3 DR 9–101(B).

In dealing with a similar but not analogous situation, this Court stated, "The public has a right to absolute confidence in the integrity and impartiality of the administration of justice." *Howerton v. State*, 640 P.2d 566 (Okl.Cr.1982) at 568. We therefore reemphasize that, notwithstanding the willingness of a defendant to be represented by an attorney who is presumably familiar with the State's case by virtue of having been the prosecutor, such a situation creates a pervasive atmosphere of impropriety which cannot be waived. Under no circumstances should such a situation be allowed to arise in the future.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 21st day of November, 1983.

HEZ J. BUSSEY, P.J.
TOM R. CORNISH, J.
TOM BRETT, J.