William Craig BUIS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–87–707.

Court of Criminal Appeals of Oklahoma.

May 14, 1990.

E. Alvin Schay, Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION ON REHEARING

LUMPKIN, Judge:

William Craig Buis, Appellant, was tried by jury for the crimes of State Taxes Due,

Operating a Motor Vehicle Without Carrying a Security Verification Form and Driving Under Suspension in Case Nos. TR–87–3583, TR–87–3584 and TR–87–3585, respectfully, in the District Court of Tulsa County. Appellant represented himself pro se. The jury returned verdicts of guilty and set punishment at $100.00, $250.00, and $200.00. The trial court sentenced Appellant in accordance with the jury's verdicts. The Appellant perfected his appeal in each of the cases and the judgments and sentences were affirmed on September 22, 1989. Appellant filed a Petition for Rehearing on October 31, 1989, asking this Court to reconsider its opinion and determine if an unverified Uniform Violations Complaint, which in this case served as the Information charging the crimes, confers subject matter jurisdiction upon the trial court. On January 22, 1990, Appellant's Petition for Rehearing was granted and the State of Oklahoma was directed to file a response. We now vacate the original opinion in this case, determine that failure to properly verify the Uniform Violations Complaint deprived the trial court of subject matter jurisdiction in each case, and the cases must be reversed and remanded for further proceedings in accordance with 22 O.S.1981, § 1067, due to the fact the fatal defect in the complaint did not confer authority for the trial court to act.

A recitation of facts is not required. The decision in this case is based on a question of law regarding the vesting of the trial court with subject matter jurisdiction in a criminal case. The question is answered through an analysis and application of Oklahoma constitutional and statutory provisions which set forth the requirements for properly charging a citizen with a criminal offense.

Article 2, Section 17, of the Oklahoma Constitution provides the root for our discussion of the formal requirements which are mandated to initiate a criminal proceeding in the courts of this State:

No person shall be prosecuted criminally in courts of record for felony or misdemeanor otherwise than by presentment or indictment or by information ........ Prosecutions may be instituted in courts

not of record upon a duly verified complaint.

This constitutional provision is further defined by statutory enactments addressing the specific requirements of the charging instruments filed in a criminal case. Title 22 Oklahoma Statutes Section 303 sets forth the requisites for an information and Section 1114.3 provides that a traffic ticket, i.e. Uniform Violations Complaint, shall constitute an information if properly endorsed and certified. These provisions are not mere formalities but the manner in which the State is allowed to vest the trial court with authority to act, i.e. subject matter jurisdiction, in the prosecution of a criminal case.

A distinction must be made in the vesting of subject matter jurisdiction upon the trial court, which can not be waived, and obtaining in personam jurisdiction over a person, which may be waived if no objection is made. This issue was addressed in *Albrecht v. United States*, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927), when the court stated:

The invalidity of the warrant is not comparable to the invalidity of an indictment. A person may not be punished for a crime without a formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court. (cite omitted) But a false arrest does not necessarily deprive the court of jurisdiction of the proceeding in which it was made. Where there was an appropriate accusation either by indictment or information, a court may acquire jurisdiction over the person of the defendant by his voluntary appearance. 47 S.Ct. at 252, 253.

This opinion addresses the initial vesting of the trial court with subject matter jurisdiction through the filing of an information which complies with the constitution and statutory requirements. We recognize the district court, in our unified court system, is a court of general jurisdiction and is constitutionally endowed with "unlimited original jurisdiction of all justiciable matters, except as otherwise provided in this Article,". Article 7, Section 7, Oklahoma

Constitution. However, this "unlimited original jurisdiction of all justiciable matters" can only be exercised by the district court through the filing of pleadings which are sufficient to invoke the power of the court to act.

■ Appellant was charged in the District Court of Tulsa County by the filing of an Oklahoma Uniform Violations Complaint in each of the above cases. The complaints were signed by the arresting officer and endorsed by the District Attorney affixing his initials in the space provided on the complaint form. However, the signature of the arresting officer, who is also the complaining witness, is not verified. This failure to verify the complaint presents the question of whether the district court initially acquired subject matter jurisdiction in each of the cases. We recognize that prior opinions of this Court do not provide a clear answer to this question, and in some instances are incorrect in the application of subject matter jurisdiction.

■ We continue to follow the holding in *Harper v. Field*, 551 P.2d 1161 (Okl.Cr. 1976), that the "Oklahoma Uniform Violation Complaint, *when properly executed,* is sufficient to constitute an 'Information' thereby conveying jurisdiction in the District Court". *Id.* at 1164. (emphasis added) The Legislature has prescribed the manner of prosecution of criminal offenses in 22 O.S.1981, § 301, and further set forth the requisites of an Information in 22 O.S.1981, § 303. Section 303 requires the district attorney to subscribe his name to informations filed in the district court, and mandates that "[a]ll informations shall be verified by the oath of the prosecuting attorney, complainant or some other person". We must now examine the failure to conform an information to these requirements.

The importance of these provisions was analyzed early in the history of our State in *Evans v. Willis*, 22 Okl. 310, 97 P. 1047 (1908) and *DeGraff v. State*, 2 Okl.Cr. 519, 103 P. 538 (1909). In *Evans*, Chief Justice Williams provides an excellent historical analysis of the procedures for initiating a criminal charge at common law, sets forth the distinctions between an indictment and

information, and applies those legal principles to the Oklahoma Constitution and statutes. The Court in *Evans* recognized that section 5306, Wilson's Rev. & Ann.St.1903, now 22 O.S.1981, § 303, enlarged the common-law rule regarding the initiation of criminal charges. 97 P. at 1051. At that time the statute contained the language that "the county attorney *shall* subscribe his name to informations filed in the probate or district court" and further provided that "[a]ll informations *shall* be verified by the oath of the prosecuting attorney, complainant or some other person: Provided, that when an information in any case is verified by the county attorney it shall be sufficient if the verification be based upon information and belief." [emphasis added]. The last proviso of § 5306 is not contained in the language of 22 O.S.1981, § 303, nor was it adopted or put in force when Oklahoma became a State because it had been declared unconstitutional by the Supreme Court of Oklahoma Territory. *DeGraff,* 103 P. at 544. Thus, we find that while having roots in the common law our criminal procedure is more specifically defined through our constitutional provisions and legislative enactments. Further guidance is provided by Presiding Judge Furman's scholarly opinion in *DeGraff.* The Court in *DeGraff* recognized the well reasoned opinion in *Evans* and noted "[t]he only question passed upon by our Supreme Court in *Evans v. Willis* was as to the right of private persons to prosecute parties for public offenses by information, and the court properly held that this could not be done, and that informations could only be exhibited by county attorneys or some other officer thereto authorized by law". *Id.,* 103 P. at 543. The court fully concurred and recognized the statutory requirement of proper endorsement and prosecution of criminal offenses by the county attorney, now district attorney, in exercise of his official capacity. *DeGraff* addressed both the issue of verification of a criminal information and the application of our constitutional provisions relating to searches and seizures and the issuance of warrants:

It is a fundamental principle of American jurisprudence that liberty is too sa-

cred to be taken from an individual, unless [upon] probable cause, in the language of Chief Justice Marshall, 'upon some good cause certain, supported by oath.' It cannot be constitutionally done upon suspicion, hearsay, opinions, or belief. If a warrant of arrest issues upon the belief of the party making the affidavit, it does not rest upon some act certain supported by oath, committed by the party arrested; but it depends alone upon the mental condition of the affiant. This, the Bill of Rights of our Constitution in positive and mandatory language prohibits. *The Constitution does not require the verification of the information; but it prohibits the issuance of a warrant of arrest except upon probable cause supported by oath or affirmation.* No form of procedure is established in the Constitution as to how this shall be done in misdemeanors. *It is the statute which makes the information the basis of the issuance of a warrant of arrest and requires the information to be verified by oath or affirmation.* 103 P. at 543–544. (emphasis added)

The court determined that the statutory provisions mandated both the endorsement of the county attorney [district attorney] as held in *Evans*, and a verification by the oath or affirmation of the county attorney [district attorney] or the complainant or some other person. In holding that the motion to set aside the information because it was not properly verified should have been sustained the court stated, "[t]he statute now in force in this state so requires and we are powerless to change the statute". 103 P. at 545. Thus, a basic principle of law recognized from statehood is that a criminal information is not valid unless it complies with the two requirements set forth by statute, 22 O.S.1981, § 303. First, an endorsement by the district attorney, and Second, a proper verification.

While not overruling the decisions in *DeGraff* and *Evans*, this Court has vacillated over the years regarding the legal purpose of the constitutional and statutory requirements of a valid information. The requirement for a verified information to confer subject matter jurisdiction on the court and empower the court to act has been applied to both courts of ˉecord and not of record in the following cases: *Snapp v. State*, 2 Okl.Cr. 515, 103 P. 553 (1909); *Ex parte Bochmann*, 20 Okl.Cr. 78, 201 P. 537 (1921); *Ex parte Mosgrove*, 47 Okl.Cr. 40, 287 P. 795 (1930); *Ex parte Drake*, 52 Okl.Cr. 47, 2 P.2d 978 (1931); *Edwards v. State*, 307 P.2d 872 (Okl.Cr.1957); and *Alexander v. Municipal Court of Town of Talihina*, 490 P.2d 757 (Okl.Cr.1971).

Various decisions have sought to explain away the mandatory requirements of verification of the information and endorsement by the district attorney. In *Ex parte Talley*, 4 Okl.Cr. 398, 112 P. 36 (1910) the Court held the verification "is no part of the information itself", the requirement is "intended for the personal benefit of the defendant, he may waive the same; and he does so by pleading to the information without moving to quash or set it aside". (Syllabus by the Court). This line of reasoning has been followed in *Brown v. State*, 9 Okl.Cr. 382, 132 P. 359 (1913); *Ex parte Green*, 69 Okl.Cr. 218, 101 P.2d 641 (1940); *Roberts v. State*, 72 Okl.Cr. 384, 115 P.2d 270 (1941); *In re Williams*, 341 P.2d 652 (Okl.Cr.1959); *Harvell v. State*, 395 P.2d 331 (Okl.Cr.1964); *Akers v. State*, 491 P.2d 363 (Okl.Cr.1971); *Coffer v. State*, 508 P.2d 1101 (Okl.Cr.1973); *Stucker v. State*, 493 P.2d 84 (Okl.Cr.1972) and *Sam v. State*, 510 P.2d 978 (Okl.Cr.1973). The Court further utilized these holdings as an analogy in ruling that failure by the State to object to the lack of verification of a motion to quash in accordance with 22 O.S. 1981, § 494, waived the defect and it could not be raised for the first time on appeal. *State v. Edens*, 565 P.2d 51 (Okl.Cr.1977). Some discussion in the above cases centers on whether the charge is a felony or misdemeanor. However, in *Roberts* the Court applied *Brown* and determined "there would be no distinction so far as the signing of the information is concerned between a felony and a misdemeanor". 115 P.2d at 272.

We determine that the mandatory language of 22 O.S.1981, § 303, requiring

endorsement by the district attorney or assistant district attorney and verification of the information is more than merely a "guaranty of good faith" of the prosecution. It, in fact, is required to vest the district court with subject matter jurisdiction, which in turn empowers the court to act. As this Court originally recognized in *Evans* and *DeGraff*, liberty and the rights of the individual citizen are sacred rights. Certain formal requisites should be required before the awesome power of the government can be brought to bear on one of its citizens. To allow the initiation of criminal charges through the mere filing of an information is a retreat from the formalities of the indictment process. If the power of the court to adjudicate a criminal charge is to be invoked then it should be predicated upon nothing less than an information setting forth the allegations, verified under oath as true, and endorsed by the executive officer empowered to prosecute violations of our criminal laws. The district attorney or assistant district attorney, under their oath of office, are vested with the responsibility to be the first adjudicator in the prosecution of criminal offenses in this State and must ensure there is a valid basis to the allegations before charges are filed. However, the power of the district court to act on those charges cannot be invoked unless the information complies with the statutory requirements of both endorsement by the district attorney and verification "by the oath of the prosecuting attorney, complainant or some other person". 22 O.S.1981, § 303. Only by the filing of an information which complies with this mandatory statutory requirement can the district court obtain subject matter jurisdiction in the first instance which then empowers the court to adjudicate the matters presented to it. To the extent the previous decisions in *Ex parte Talley, Brown, Ex parte Green, Roberts, In re Williams, Harvell, Akers, Coffer, Stucker, Sam* and *Edens* conflict with the Court's decision herein, they are expressly overruled. This decision resolving previous conflicts in the case law is not retroactive.

We therefore hold that the judgments and sentences in the District Court of Tulsa County must be REVERSED AND REMANDED without a bar to further action in the district court in that the unverified informations failed to confer subject matter jurisdiction on the district court in the first instance.

LANE, V.P.J., and BRETT and JOHNSON, JJ., concur.

PARKS, P.J., specially concurs.

PARKS, Presiding Judge, specially concurring:

Because "it appears that the [appellant] is guilty of an offense although defectively charged in the indictment," I am constrained by the mandates of 22 O.S.1981, § 1067 to "direct the prisoner to be returned and delivered over to the jailer of [Tulsa] county, there to abide the order of the court in which he was convicted."

As the majority states, failure to verify the signature of the arresting officer on the Uniform Violations Complaint precluded the district court from being vested with subject matter jurisdiction and from being empowered to act. Therefore, all proceedings in the trial court are rendered void. This writer neither condones nor tolerates such waste of judicial resources and feels that if prosecutors continually fail to subscribe, endorse and verify informations, such conduct will amount to prosecutorial misconduct and, 22 O.S.1981, § 1067 notwithstanding, will be grounds for dismissal of the action.