Gregory Lewis **WICKLINE**, Appellant,

v.

**CITY OF OKLAHOMA CITY**, Appellee.

No. M–89–186.

Court of Criminal Appeals of Oklahoma.

May 15, 1990.

Gregory Lewis Wickline, Oklahoma City, pro se.

Robert D. Allen, Municipal Counselor, Dawn Collins Zellner, Asst. Municipal Counselor, Oklahoma City, for appellee.

## OPINION

LANE, Vice Presiding Judge:

Appellant, Gregory Lewis Wickline, was found guilty of "Speeding" after a non-jury trial in the Oklahoma City Municipal Traffic Court, Case No. 88–9003208. He was convicted and given a fine of forty-five ($45.00) dollars. He has appealed his conviction to this Court alleging that the complaining officer failed to have the ticket properly verified and that the ticket was not signed by the prosecuting attorney, thus it cannot be the basis of a criminal prosecution.

When Appellant was stopped and the ticket issued, the officer signed the ticket and Appellant signed, indicating his desire to plead not guilty. The face of the ticket clearly reveals that it was verified by Sergeant N. Cook, Deputy Court Clerk. The ticket was then processed for prosecution, however, it was not endorsed by the prosecuting attorney prior to the trial.[1] Although Appellant objected that the verification of the officer's signature was improper, he did not raise any objection at trial concerning the lack of endorsement by the City Attorney's office.

The City answers Appellant's allegation concerning the lack of endorsement by a prosecutor by contending that Appellant's failure to raise the issue at trial has waived any error. We must reject this contention in that we find the endorsement by the prosecutor is a jurisdictional requirement that cannot be waived. 22 O.S.1981, § 1114.3. *See also Harper v. Field*, 551 P.2d 1161 (Okl.Cr.1976); *Sam v. State*, 510 P.2d 978 (Okl.Cr.1973); *Coffer v. State*, 508 P.2d 1101 (Okl.Cr.1973); *Edwards v. State*, 307 P.2d 872 (Okl.Cr.1957). To the extent that any previous decisions by this Court are inconsistent with this opinion, they are overruled. *See In re Williams*, 341 P.2d 652 (Okl.Cr.1959) and *Roberts v. State*, 72 Okl.Cr. 384, 115 P.2d 270 (1941).

Because we find that the trial court lacked jurisdiction over the present matter, we REVERSE Appellant's conviction for Speeding and REMAND the case for a new trial with a properly endorsed ticket or a proper Information. *See Harper v. Field*, 551 P.2d 1161, 1164 (Okl.Cr.1976).

BRETT and JOHNSON, JJ., concur.

PARKS, P.J., specially concurs.

LUMPKIN, J., concurs in result.

PARKS, Presiding Judge, specially concurring:

Because "it appears that the [appellant] is guilty of an offense although defectively charged in the indictment," I am constrained by the mandates of 22 O.S.1981, § 1067 to "direct the prisoner to be returned and delivered over to the jailer of [Tulsa] county, there to abide the order of the court in which he was convicted."

As the majority states, the prosecuting attorney's failure to endorse the speeding ticket is a jurisdictional matter that cannot be waived. Therefore, all proceedings in the trial court are rendered void. This writer neither condones nor tolerates such waste of judicial resources and feels that if prosecutors continually fail to subscribe, endorse and verify informations, such conduct will amount to prosecutorial misconduct and, 22 O.S.1981, § 1067 notwithstanding, will be grounds for dismissal of the action.

---

1. Although neither party to this appeal provided a copy of the back of the traffic ticket to this Court, showing the lack of endorsement, insofar as the City has confessed that the error occurred, we will consider the issue.