Daniel Patrick GRACE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16274.

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1971.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty., Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Judge.

Daniel Patrick Grace, hereafter referred to as defendant, was tried in the District Court of Oklahoma County, Oklahoma, for the crime of Robbery with Firearms. Defendant was initially charged with Jimmie Dale Phillips, a co-defendant, who entered a plea of guilty on June 15, 1970 and received a sentence of fifteen (15) years imprisonment under the control and custody of the State Department of Corrections. On the following day, June 16, 1970, defendant Grace was tried by a jury who returned a verdict of guilty, with a sentence of ninety-nine (99) years in the state penitentiary. Defendant, having been found to be an indigent person, was represented by the Public Defender's Office. From that conviction this appeal has been perfected.

The facts briefly stated reveal that Mr. James Moore, a man of sixty-four (64) years of age, was the night manager for Howard's DX Service Station, Oklahoma City. About 2:00 A.M. of the morning of May 12, 1970, defendant using a pistol robbed the service station taking one hundred and twenty ($120.00) dollars in bills. Mr. Moore testified at the trial, as well as at the preliminary examination which was conducted on May 26, 1970, two weeks after the robbery occurred. He identified the defendant as being the one who entered the service station; and defense counsel stipulated that the pistol entered into evidence was the weapon which defendant had on his person and in his car that night. Defendant testified in his own behalf and offered the defense of intoxication, contending that he was so intoxicated that he could not form the intent necessary to commit the crime alleged.

■ After reviewing the record in its entirety, we conclude that defendant was not so intoxicated, as to be unable to form the mental intent to commit the alleged act, inasmuch as the defendant was able to recall sufficient events which occurred prior to, and immediately after, the alleged robbery was committed, thus indicating that he was not in the advanced state of intoxication he attempts to assert, even though he denies any recollection of the robbery.

■ Defendant filed, pro se, a copy of the transcript of the preliminary examination at which Mr. James Moore testified; and since reference was made to the preliminary examination during the defendant's trial, this Court felt justified in making a comparison between the testimony Mr. Moore gave at the preliminary examination and that he gave at the subsequent trial. This comparison is also warranted due to defendant's contention of excessive punishment. We find, for some unknown reason, considerable discrepancy between the two statements of testimony.

At the preliminary examination Mr. Moore was asked on cross-examination:

"Well, you said you weren't too scared. What do you mean?"—Mr. Moore answered, "Well, there was just one thing about it; I didn't figure he'd shoot me because I knew if he fired that gun he was going alarm everybody around there. * * *"—And then he was asked—"Did you notice anything unusual about his actions?"

Mr. Moore replied—"*No, not nothing unusual. He acted very calm and he didn't make no smutty remarks.* He didn't say nothing any more than he just said, 'I'll take whats in the register.' I said, 'Okay, Mister, there it is.' So, he asked me to go around and open the register and I did, and he told me to step back and I stepped back about five feet from the register. He held the gun on me and taken the money out of the drawer and laid it down on the table there and picked up all the money with one hand and stuck it in his pocket and still held the gun on me, and walked back over toward the door and said, 'All right, let's go in the back.' So, he led me on around the back to the air compressor room and he told me, '*You stay here for five minutes and don't you stick your head out.*'" (Emphasis Added)

When Mr. Moore testified at the trial, his statement carried considerably greater emphasis than it had at the preliminary examination; and while in substance the statement is essentially the same, greater emphasis was placed upon force and fear than appeared in his earlier testimony. The transcript of testimony on page eleven reflects Mr. Moore gave the following testimony in answer to the prosecutor's questions:

"What happened after he took the money out of the cash register?"—Mr. Moore replied, "After he took the money out of the cash register, he told me, says, 'Get in the back,' and I said, 'Okay, don't shoot me.' So, I went to the back and went through the wash room and things

like that and into the air compressor room and he told me, says, 'You stay in here five minutes. *If you stick your dammed head out I will blow it off.*'" [Emphasis Added]

There is no doubt in our minds that the additional emphasis placed upon the testimony at the trial must have carried considerable weight with the jury in arriving at its assessment of the defendant's punishment. The record also reflects that the defendant testified, concerning an earlier conviction in the State of Illinois, that he had been convicted for the offense of "Unauthorized Use of a Vehicle" which in the State of Oklahoma is a felony; however, the "Transcript of Proceedings" received from Mr. Robert L. Moran, Deputy Chief Probation Officer for the Circuit Court of Cook County, Illinois, which was filed pro se by defendant, shows that in case no. 65–MCI–673179, defendant was convicted June 29, 1965, for the offense of "Criminal Trespass" a misdemeanor; and that defendant was placed on one year probation. At that time defendant had just passed his eighteenth birthday. It appears therefore that the jury must have considered the Illinois conviction as a felony, which coupled with his misdemeanor conviction for "Driving While Under the Influence of Intoxicating Liquor" caused him to appear to be a vicious criminal character, which the record does not support.

We note also, that while the closing argument of the prosecutor is not contained in the record, it may easily be presumed—from the punishment assessed by the jury—that the jury's passions and prejudices must have been considerably aroused by the prosecutor's argument; therefore, as we review the record, considered with the discrepancies which appear in the testimony between that given by Mr. Moore at the preliminary examination and that given at the trial; considering also that there was no evidence of violence except for the use of a pistol, and that Mr. Moore was not put in fear (accepting his earlier testimo-

ny when the incident was fresh in his recollection), we can only conclude that the sentence of ninety-nine years imprisonment is excessive punishment, and is not warranted under the facts of this case. In his brief, the Attorney General merely argues that the punishment is within the range of punishment set by statute.

In Jones v. State, 84 Okl.Cr. 81, 179 P.2d 484 (1947), this Court took into consideration the punishment assessed a co-defendant and modified the sentence, inasmuch as both of the parties were equally guilty for the offense committed. We believe this case also warrants modification. See also: Holford v. State, 57 Okl.Cr. 431, 48 P.2d 1082 (1935); and Spencer v. State, 59 Okl.Cr. 23, 55 P.2d 1049 (1936).

IT IS THEREFORE ORDERED that the judgment and sentence imposed in case no. CRF–70–1155, in the District Court of Oklahoma County, Oklahoma, shall be modified from ninety-nine (99) years in the Oklahoma State Penitentiary to fifteen (15) years imprisonment in the State Penitentiary, under the control and custody of the State Department of Corrections; and as modified the judgment and sentence is affirmed.

NIX, J., concurs.

BUSSEY, P. J., not participating.