**Daniel Patrick GRACE, Petitioner,**

**v.**

**Curtis P. HARRIS, District Attorney, and the District Court of Oklahoma County, Oklahoma, Respondents.**

**No. A–16617.**

Court of Criminal Appeals of Oklahoma.

May 19, 1971.

T. Hurley Jordan, Asst. Public Defender, Oklahoma County, Okl., for petitioner.

Larry Derryberry, Atty. Gen., Sondra Fogley, Asst. Atty. Gen., Curtis P. Harris, Dist. Atty., Dick Blakley, Asst. Dist. Atty., for respondents.

NIX, Judge:

This is an original proceeding by the petitioner, Daniel Patrick Grace, for a writ of prohibition to direct respondent to dismiss prosecution against him in Oklahoma County District Court Case No. CRF–71–444, charging Use of a Firearm in Commission of a Felony (21 O.S., § 1287). Petitioner claims his prosecution is barred by the constitutional double jeopardy prohibition; the statutory bar against double punishment for the same act, 21 O.S.Supp. 1970, § 11; and the doctrine of collateral estoppel.

Petitioner and a co-defendant were charged in the District Court of Oklahoma County, Case No. CRF–70–1155, with the crime of Robbery with Firearms, perpetrated on May 12, 1970. The co-defendant entered a plea of guilty and was sentenced on June 5, 1970, to fifteen years imprisonment. Petitioner was tried before a jury which found him guilty and sentenced him to 99 years imprisonment. Petitioner's conviction was affirmed on appeal, but the sentence modified to fifteen (15) years imprisonment on January 20, 1971. Grace v. State, Okl.Cr., 480 P.2d 285.

Thereafter, on February 19, 1971, an information was filed in the District Court of Oklahoma County, Case No. CRF–71–444, charging petitioner with using a firearm in commission of a felony, being the May 12, 1970, armed robbery. After preliminary examination, petitioner was held for trial on this charge. The claims asserted by petitioner in this proceeding were overruled in the preliminary and subsequently by the District Court.

Title 21, O.S.Supp.1970, § 1287, enacted in 1969, provides:

"Any person who while committing or attempting to commit a felony uses a firearm or any other offensive weapon in such commission or attempt, whether the firearm is loaded or not, or who uses a blank or imitation firearm capable of raising in the mind of one threatened with such device a fear that it is a real firearm, or who uses an air gun or carbon dioxide or other gas-filled weapon, knife, dagger, dirk, switchblade knife, blackjack, axe, loaded cane, billy, hand chain or metal knuckles, in addition to the penalty by statute for the felony committed or attempted, shall be guilty of a felony for the use of such weapon or device, which shall be a separate offense, and shall be punishable by imprisonment in the penitentiary for a period of not less than two (2) years nor for more than five (5) years for the first offense, and for a period of not less than ten (10) years nor for more than twenty (20) years for any second or subsequent offense."

The origin of the Oklahoma Statute is not certain, but appears to be a derivation of the California Statute, Penal Code § 12022, which provides in relevant part:

"Any person who commits or attempts to commit any felony within this state while armed with any of the deadly weapons, as defined by subdivision (f) of Section 3024, upon conviction of such felony or of an attempt to commit such felony, shall in addition to the punishment prescribed for the crime of which he has been convicted, be punishable by imprisonment in a state prison for not less than five nor more than ten years. Such additional period of imprisonment shall commence upon the expiration or other termination of the sentence imposed for the crime of which he is convicted and shall not run concurrently with such sentence."

However, this California provision does not create a separate offense, but merely imposes additional punishment. Ex parte Shull, 23 Cal.2d 745, 146 P.2d 417 (1944). Furthermore, the California courts have held that this statute encompassed only those felonies in which possession of a deadly weapon would not be a necessary element. People v. Pheaster, 215 Cal.App.

2d 754, 30 Cal.Rptr. 363 (1963). This Act was to provide for added punishment where a deadly weapon is not a necessary factor in the offense. Ex parte Shull, supra. It has been expressly held that in prosecution for robbery by firearms, Section 12022 is inapplicable "since the fact of being armed is essential to the conviction." People v. Floyd, 71 Cal.2d 879, 80 Cal.Rptr. 22, 25, 457 P.2d 862, 865 (1969). Thus, in California a defendant cannot be additionally prosecuted for using a deadly weapon in committing a felony if the use of the weapon is an essential element in the felony committed.

The Oklahoma Constitution, Article II, § 21, provides:

"Nor shall any person be twice put in jeopardy of life or liberty for the same offense."

In the early case of Estep v. State, 11 Okl.Cr. 103, 143 P. 64 (1914), this Court held:

"The term 'same offense' as used in the constitutional provision does not signify the same offense eo nomine, but the same criminal act, transaction, or omission."

"[A] single criminal act cannot be split up or subdivided into two or more distinct offenses and prosecuted as such. If the state elects, through its authorized officers, to prosecute an offense in one of its phases or aspects, and upon his trial the defendant is acquitted by a jury, it cannot afterwards prosecute the same criminal act or series of acts under color of another name. The state will not be permitted to split or divide up an offense into divers parts and punish each moiety. See Hirshfield v. State, 11 Tex.App. 207. A jeopardy on one information will bar a second whenever the proof shows the second case to be the same criminal act or transaction."

It is apparent that using a firearm is an essential and necessary element in the offense of robbery with firearms, 21 O.S. 1961, § 801. To convict for robbery under Section 801, it is necessary to prove the use of a firearm or dangerous weapon, otherwise a conviction cannot be obtained thereunder. The firearm use was intrinsic to the offense. To convict a defendant for robbery with firearms (21 O.S., § 801) and then separately try him for using a firearm while committing the robbery (21 O.S., § 1287) is patently putting the defendant in jeopardy for the same offense in direct violation of constitutional prohibition.

We, therefore, hold that it would be unconstitutional to prosecute under Section 1287 of Title 21, where the firearm or "weapon use" was an essential element or necessary factor in the commission of the primary felony.

Aside from the jeopardy question, there is involved herein the matter of an unnecessary prejudicial delay in filing the firearm charge under Section 1287 amounting to the denial of a speedy trial. The constitutional right to a speedy trial encompasses not only a delay in trial after arrest, but prohibits an unwarranted delay in the filing of a criminal charge.

"The right of a suspect to speedy determination of guilt or innocense is not lost merely because the delay in the process occurs before the formal charge, rather than after." Nickens v. United States, 116 U.S.App.D.C. 338, 323 F.2d 808 (1963). Therefore, it is recognized that "unreasonable pre-arrest delay may so prejudice a defendant as to amount to the denial of constitutional rights." State v. Baca, 82 N.M. 144, 477 P.2d 320, 323 (1970). "[A]n accused may be deprived of due process of law, if the lapse of time between the alleged commission of the offense and the filing of the accusation makes it difficult or impossible for the accused to prepare his defense." People v. Archerd, 3 Cal.3d 615, 91 Cal.Rptr. 397, 413, 477 P.2d 421, 437 (1970). See: Ross v. United States, 121 U.S.App.D.C. 233, 349 F.2d 210 (1965); United States v. Jones, 403 F.2d 498 (7th Cir. 1968); United States v. Capaldo, 402 F.2d 821 (2d Cir. 1968); State v. Rountree, 106 N.J.Super. 135, 254 A.2d 337 (1969).

 

The failure to afford a defendant a speedy trial prevents a timely preparation of a defense as witnesses may disappear and memories fade. This is most certainly true when the state delays filing the charge, thereby denying defendant notice that he will be required to prepare a defense. The state is obligated to file a charge as soon as it has knowledge of an offense, its perpetrator, and his location, where there is no reasonable cause to delay the filing.

█ It might also be inferred from the facts herein that the defendant is being penalized with the filing of an additional charge because he exercised his right to appeal and was partially successful. If a policy would "chill the assertion of constitutional rights by penalizing those who chose to exercise them, then it would be patently unconstitutional." United States v. Jackson, 390 U.S. 570, at 581, 88 S.Ct. 1209, at 1216, 20 L.Ed.2d 138. Thompson v. State, 482 P.2d 627 (Okl.Cr., 1971). Whether intended or not, allowing such a delayed prosecution would have a chilling effect on a defendant's exercise of the right to appeal.

In People v. Hryciuk, 36 Ill.2d 500, 224 N.E.2d 250 (1967), the court found an impermissible delay in filing a murder charge after the defendant's rape conviction was overturned where the state had full knowledge of the evidence indicating murder at the time they elected to prosecute for rape.

█ In the instant case, the armed robbery occurred on May 12, 1970. Yet it was not until some nine months later, February 19, 1971, that the state filed the charge under section 1287. No reason for this delay is offered. It is apparent the state knew of the crime and that a firearm was used as they promptly filed the armed robbery charge after its occurrence. Section 1287 was fully applicable at that time and the decision to file thereunder rested with the prosecutor.

Where the state knows of the commission of a crime, its apparent perpetrator, knows of the accused's location and even has custody of him on another charge, and fails to file a charge for nine months without showing good cause, the prosecution must be dismissed as a denial of the right to a speedy trial and due process of law.

It is, therefore, ordered that the District Court of Oklahoma County dismiss the prosecution, Case No. CRF–71–444, with prejudice to refiling the same.

Writ granted.

BRETT, J., concurs.

BUSSEY, P. J. (specially concurring):

I concur in the granting of the Writ for the reason that the conviction for Armed Robbery precluded a subsequent prosecution for Using a Firearm in the Commission of a Felony arising out of the armed robbery.