**Raymond Eugene MILLER, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–445.**

Court of Criminal Appeals of Oklahoma.

May 13, 1974.

Bay, Hamilton, Renegar & Lees, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Raymond Eugene Miller, hereinafter referred to as defendant, was charged, tried and convicted by jury of the crime of Unlawful Distribution of a Controlled Dangerous Substance, Case No. CRF-73-311 in the District Court, Oklahoma County, Oklahoma. Defendant was sentenced to two (2) years imprisonment in the state penitentiary. From said judgment and sentence, a timely appeal has been made to this Court.

The testimony at trial developed the following facts. An undercover agent for the Narcotics Bureau of the Oklahoma City Police Department, while on duty and having assumed an appearance unlike his normal appearance, visited the Round Table Bar in Oklahoma City for the purpose of purchasing illegal drugs. Shortly after he arrived, early in the evening, he inquired of a person with whom he was playing pool where he might buy some marijuana. He received no pertinent information but on the completion of a game of pool with this person the defendant "challenged the table" (Tr 12) and the undercover agent, Officer Bonny, played pool with the defendant. During the course of this pool game, the defendant offered to sell some marijuana to Officer Bonny. Defendant first gave Bonny one "joint" and then sold him a cellophane bag, which on chemical analysis proved to contain marijuana. Officer Bonny was positive about his identification notwithstanding defendant's testimony that he had not sold anything to him nor had he been at the Round Table on the evening in question.

The defendant's first proposition alleges that the court erred in failing to dismiss the action for lack of prosecution by reason of laches on the part of the state. The defendant argues that the delay of approximately three months between the time of the illegal distribution of marijuana and the time of filing charges, denied the defendant his constitutional right to a speedy trial by reason that the delay prejudiced defendant's ability to produce witnesses in his behalf and that such delay was a result of dilatory tactics of the State. The defendant cites the two controlling cases. First, United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L. Ed.2d 468 (1971), holds that the Sixth Amendment right to a speedy trial applies to the "accused" and that one is not an "accused" until an information or indictment is filed or the person is in actual custody or has been arrested. The Sixth Amendment is, therefore, not applicable in this case. By the same reasoning, Article 2, § 20 of the Constitution of the State of Oklahoma, which uses the same word "accused", is not applicable. This position was recently affirmed in Kovash v. State, Okl.Cr., 519 P.2d 517 (1974).

The only valid issue raised by defendant's first proposition is the question of the alleged dilatory practice of the State. We hold, however, that the three months delay between the offense and the filing of the charge was not only well within the three year statute of limitations but was a procedure necessary to the effective enforcement of our laws. If we were to require that every defendant be confronted immediately after conducting every transaction with an undercover agent then the purpose of such undercover work would be destroyed and the practice of using undercover agents in the detection of drug distribution or any other contraband business would be useless.

■ Defendant secondly argues that the evidence was insufficient to sustain a conviction. As this Court has frequently repeated, if there is competent evidence from which the jury may reasonably have found the defendant guilty this Court will not interfere with that verdict even though the evidence is conflicting. Ferrell v. State, Okl.Cr., 475 P.2d 825 (1970); Edwards v. State, Okl.Cr., 476 P.2d 378 (1970); Taylor v. State, Okl.Cr., 508 P.2d 671 (1973), among others. In the case before us the State presented the undercover agent who had made the purchase of marijuana, and his story of the circumstances surrounding that purchase was detailed and stood the test of cross-examination without wavering. We find, therefore, no merit to this proposition.

■ Next, defense counsel alleges that the court erred in failing to instruct the jury on the law. We find that the court instructed on all the law applicable and that it would have been improper for the court to have instructed, as requested, that the defendant by statute would not, by virtue of the particular offense, have been eligible for a suspended or deferred sentence, or probation. In Kovash v. State, supra, this Court held:

> "We, therefore, find that to allow defense counsel to argue eligibility for suspended sentences, deferred sentences and parole would be improper . . . ."

It is the duty of the jury to weigh the facts and make a determination of guilt. It is then the jury's duty to fix a sentence. It is not the jury's duty to determine whether or not to suspend or defer a sentence. This is the province of the court and the court makes this determination on factors outside the realm of the jury's consideration. The limitation denying suspended or deferred sentences and probation in cases involving controlled substances is placed by the legislature on the court and, therefore, is not the concern of the jury.

■ Defendant's final complaint is that error was committed when the District Attorney placed evidence of other crimes before the jury. The particular testimony complained of was a voluntary statement made by the State's witness that he had told the defendant that he would be interested in buying other controlled substances. After defense counsel objected to this statement, the State's attorney inquired as to the defendant's reply. The answer to this question made it clear that the defendant was not dealing in these other substances. Had this prejudiced the defendant it is unlikely that the jury would have assessed the minimum sentence. The short conversation about other sales was part of the initial transaction and is properly labeled res gestae. Since it was part of the res gestae and because no prejudice resulted we find that this proposition is without merit.

For the foregoing reasons we are of the opinion that this judgment and sentence should be, and the same is hereby, affirmed.

BLISS, P. J., and BRETT, J., concur.