**Billy C. MARSHALL, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–28.**

Court of Criminal Appeals of Oklahoma.

June 17, 1976.

Robert P. Kelly, Pawhuska, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Harold T. Garvin, Jr., Legal Intern, for appellee.

## OPINION

BLISS, Judge:

The Appellant, Billy C. Marshall, also known as Billy Gene Marshall, hereinafter referred to as defendant, was charged, tried before a jury in a two-stage proceeding and convicted of the crime of Perjury After Former Conviction of a Felony in the Osage County District Court Case No. CRF–74–728. Punishment was assessed at a term of ten (10) years under the custody and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in conformance with the verdict, the defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows: Osage County Deputy Sheriff Boyd Peters testified that on the 22nd day of May, 1973, while involved in the investigation of a crime committed in Osage County, he had occasion to arrest the defendant and another individual in Tulsa. The defendant was transported to the Tulsa County Sheriff's Office where he was advised of his Miranda rights. Upon the request of Sergeant Larry Johnson of the Tulsa Police Department, the defendant signed a Certificate of Notification of Rights. Peters testified that he personally watched the defendant sign the certificate and that he and Officer Johnson then countersigned the certificate as witnesses. The certificate was subsequently admitted into evidence. On cross-examination the witness described the defendant as being very quiet and cooperative at the time and that the defendant held and looked at the certificate for three to five minutes before Johnson took the instrument, read it to him and then asked the defendant to sign. The officer further testified that he observed no symptoms which would indicate that the defendant was under the influence of intoxicants or drugs.

Officer Larry Johnson then testified to essentially the same facts as Officer Peters, specifically stating that the defendant signed the certificate in his presence.

Helen Christenson, Court Clerk of Osage County, then testified that she was familiar with the 1973 trial of the defendant in Osage County in Case No. CRF–73–394. She further stated she was personally present in Judge Potter's courtroom during said trial in October of 1973, and that during said trial the defendant had occasion to testify during an evidentiary hearing on a Motion to Suppress.

Associate District Judge Mermon H. Potter then testified that he presided over a jury trial of the defendant in October of 1973 in Case No. CRF–73–394. During the course of said trial he had occasion to administer the oath to the defendant before

he testified during the evidentiary hearing on a Motion to Suppress.

Joe Gregg, Court Reporter for Judge Potter during said jury trial and the evidentiary hearing, then testified that he transcribed the evidentiary hearing, that Judge Potter had administered the oath to the defendant and that the defendant's testimony during said hearing was as reflected by the transcript prepared by the witness. Portions of said transcript, wherein the defendant testified on numerous occasions that he did not sign the certificate and that the signature appearing thereon was not his were then read into the record by the witness. The State then rested.

The defense then called Raymond Lewis who testified he was then serving a term in the State Penitentiary and in May of 1973, was an inmate in the Osage County Jail when the defendant was returned to Osage County from Tulsa. He further stated that he observed the defendant and that he was confused and frightened. Helen Christenson was then recalled to identify an affidavit signed by the defendant. The affidavit was then admitted into evidence and the signature of the defendant appearing thereon was printed. The signature appearing on the certificate was in longhand.

On rebuttal the State called Warren Myer, Osage County Deputy Sheriff, who testified that he had occasion to book the defendant into county jail and that he had observed the defendant sign written instruments in longhand. The instruments were introduced into evidence. The State then rested and the jury returned a verdict of guilty. Subsequent to the completion of the second stage of the proceeding the jury assessed punishment as set out above.

■ The defendant's first assignment of error urges that there was insufficient evidence presented during the preliminary hearing and at trial to establish that the defendant had been guilty of perjury since the State did not present evidence to establish or raise a presumption that the defend-ant did not believe the testimony he was giving was true. The statute under which the defendant was charged, 21 O.S. § 491, as amended, reads as follows:

"Whoever, in a trial, hearing, investigation, deposition, certification or declaration, in which the making or subscribing of a statement is required or authorized by law, makes or subscribes a statement under oath, affirmation or other legally binding assertion that the statement is true, when in fact the witness or declarant does not believe that the statement is true or knows that it is not true or intends thereby to avoid or obstruct the ascertainment of the truth, is guilty of perjury. It shall be a defense to the charge of perjury as defined in this section that the statement is true."

■ From an examination of the record it is our opinion that there was abundant evidence presented by the State to establish the crime as charged. Two officers testified they watched the defendant sign the certificate. The signature appearing on the certificate was quite similar to the signature of the defendant appearing on other instruments admitted into evidence. There is no indication whatsoever that the defendant was intoxicated, under the influence of drugs or coerced by extreme fear at the time of the signing of the certificate or at the time he testified under oath at the evidentiary hearing. The defendant's knowledge that the statements made were untrue is an essential element of the crime charged. However, it can be, and must be in many instances, shown by circumstantial evidence, since the State is in no position to prove the defendant's subjective state of mind at the time the statements were made. In the instant case there is the direct evidence presented by the two officers who saw the defendant sign the certificate and the circumstances were such, at the time of the execution of the instrument and at the time of the defendant's testimony, that a reasonable person would have known the truth. The defendant's contention is without merit.

The defendant next urges that the state violated the defendant's right to a speedy trial since the statements were made on the 24th day of October, 1973, and the perjury information was not filed until the 28th day of October, 1974, eleven days after the Mandate indicating this Court's reversal of the defendant's conviction in the first case, CRF–73–394, had been filed of record in Osage County. The defendant contends that the perjury charge was filed for the sole purpose of penalizing the defendant for having successfully appealed the prior conviction. In support of his argument, the defendant cites *Grace v. Harris,* Okl.Cr., 485 P.2d 757, wherein the State waited nine (9) months without reasonable cause to file a second charge against an accused, the second charge having been filed after the accused had been successful in his appeal of the first conviction. In *Grace*, this Court held that the State is obligated to file a charge as soon as it has knowledge of an offense, its perpetrator, and his location, where there is no reasonable cause to delay the filing.

In the instant case, however, an examination of the transcript of the preliminary hearing on the perjury charge reveals that the prosecutor informed the trial court at the time the defendant Marshall was sentenced in case CRF–73–394 that it had come to his attention during the course of that trial that the defendant had perjured himself. He further advised the trial court that he did not wish to rely on his longhand notes but wanted to order a transcript of the proceedings. It further appears from the record that the prosecutor was not notified of the availability of the transcript until sometime in September of 1974, that he went on a two (2) week vacation on the 11th of October, 1974, and did not return until the day the information was filed. It also appears from the record that the defendant was represented by counsel and was present when the prosecutor requested the transcript and was

therefore fully advised that the State intended to file a subsequent charge. Therefore, it cannot be said that the State intentionally delayed the filing of the subsequent perjury charge for purposes of penalizing the defendant. There was reasonable cause for the delay and the defendant's assignment of error is without merit.

The defendant's third assignment of error urges that the trial court committed reversible error in submitting Instruction No. 7 to the jury and refusing to give the defendant's requested instruction. The complained of instruction reads as follows, to-wit:

"You are instructed that if you find beyond a reasonable doubt that the defendant did knowingly and voluntarily sign a 'Certificate of Notification of Rights' knowing the contents thereof, and if the defendant's defense is that he did not know, the contents thereof, or did not sign said Certificate, then you are to consider whether the defendant with knowledge voluntarily signed the same, and if you so find that he did sign the same beyond a reasonable doubt, then you are to find the defendant guilty as charged.

However, if you believe that the defendant did not knowingly and willfully sign the said Certificate, or that he was unaware of the contents thereof, then it would be your duty to acquit the defendant."

The defendant contends that the above instruction in essence told the jury that if they found the defendant signed the document then he was guilty. We disagree.

It is apparent that Instruction No. 7 was an attempt by the trial court to instruct the jury on the defendant's apparent defense. It is our opinion that the instruction as given broadens the defense of the defendant and instructs the jury to acquit if they found that the defendant was unaware of the contents of the certificate *or*

did not knowingly and willfully sign same. The instruction could in no way prejudice the position of the defendant and therefore his assignment is without merit. It should also be noted that no requested instruction appears in the record. Therefore, it is impossible for this Court to consider same. The instructions submitted by the trial court when considered as a whole, fairly and correctly state the applicable law and the trial court did not abuse its discretion in submitting same to the jury. *Turman v. State*, Okl.Cr., 522 P.2d 247.

The defendant's last assignment of error urges that the prosecutor committed the reversible error by making remarks during closing argument which were prejudicial to the rights of the defendant in that they tended to shift the burden of proof to the defendant to prove that he believed what he testified, rather than the state being required to prove beyond a reasonable doubt that he did not believe his statements to be true.

An examination of the transcript of the closing argument reveals that defense counsel failed to object to any comment made by the prosecutor during closing argument. In *Overstreet v. State*, Okl.Cr., 483 P.2d 738, this Court held that when an objectionable statement is made by the prosecuting attorney, it should be called to the attention of the trial court by timely objection, together with a request that the jury be instructed to disregard the improper statement. In the instant case defense counsel failed to raise an objection to any comment of the prosecution and the error, if any, is waived. The defendant's last assignment is without merit.

From an examination of the complete record it is our opinion that the defendant received a fair and impartial trial. No substantial right of the defendant was prejudiced and the judgment and sentence appealed from should be, and the same is hereby *AFFIRMED*.

BRETT, P. J., and BUSSEY, J., concur.