**The STATE of Oklahoma, Appellant,**

v.

**John Barry DUKE, Appellee.**

**No. O–76–975.**

Court of Criminal Appeals of Oklahoma.

March 18, 1977.

Rehearing Denied March 29, 1977.

Richard Gann, Asst. Dist. Atty., Tulsa County, Tulsa, for appellant.

Allen B. Pease, Tulsa, for appellee.

## OPINION

BUSSEY, Presiding Judge:

On September 28, 1976, John Barry Duke, hereinafter referred to as defendant was charged in Case No. CRM–76–1251 with commission of the crime of Assault and Battery Upon a Police Officer, in violation of 21 O.S.1971, § 649. On October 5, 1976, the defendant was arraigned and entered a plea of not guilty. Then on October 12, 1976, the defendant filed a motion to set aside the information and a hearing on that motion was held on October 19, 1976. During that hearing the trial court received a stipulation of facts from counsel of the parties that the District Attorney's Office had in its possession on June 19 or June 20, 1976, police reports that the defendant had committed assault and battery upon the person of David A. Orewiler on June 19, 1976, in Tulsa, Oklahoma. At the hearing the trial court sustained the defendant's motion to set aside the information, pursuant to 22 O.S.1971, § 493, because of the fact that the defendant was denied his constitutional right to a speedy trial. At the close of the hearing counsel for the State gave notice in open court of its intention to appeal the trial court's ruling. The State filed its notice of intent to appeal and designation of record on October 22, 1976. From a judgment for the defendant setting aside the information, the State has brought this timely appeal as authorized by 22 O.S.1971, § 1053, § 1.

The State's sole assignment of error is that the trial court committed error in sustaining the defendant's motion to set aside the information on the grounds that he was denied his right to a speedy trial as guaranteed by the United States Constitution. It is the State's contention that the defendant was not denied his right to a speedy trial. The defendant based his motion on the delay which occurred between June 19, 1976, the date on which the alleged crime occurred, and September 28, 1976, the date on which the information was filed.

We observe initially that this is a pre-accusation delay. In *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), the United States Supreme Court stated in regard to the Sixth Amendment requirement of a speedy trial that:

"On its face, the protection of the [Sixth] Amendment is activated only when a

criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution."

Therefore, the Sixth Amendment is not applicable in this case. This Court ruled in *Miller v. State*, Okl.Cr., 522 P.2d 642 (1974) that by the same reasoning that the United States Supreme Court used in *United States v. Marion*, supra, Article II, Section 20 of the Constitution of the State of Oklahoma, which uses the same word "accused", is not applicable. See, also, *Kovash v. State*, Okl.Cr., 519 P.2d 517 (1974), and *Bauhaus v. State*, Okl.Cr., 532 P.2d 434 (1975).

■ This Court recently confronted a situation similar to the instant case in *Anderson v. State*, Okl.Cr., 556 P.2d 1006 (1976), in which there was a pre-accusation delay of approximately five months. In that case we noted first that it was a case of pre-accusation delay and then discussed possible prejudice resulting to the defendant, using the balancing test specified in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In *Barker v. Wingo*, supra, the United States Supreme Court stated:

"A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right . . . Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."

Applying these factors to the instant case, we find that the delay was approximately three months in duration, between the time of the alleged crime and filing of the information. In comparison with other cases, this is not a long delay. In *United States v. Marion*, supra, the delay was in excess of three years, and the Supreme Court found there was no deprivation of the Constitutional right to a speedy trial. In *Barker v. Wingo*, supra, the United States Supreme Court held that the defendant was not deprived of his right to a speedy trial, even though the defendant was not brought to trial until more than five years after he had been arrested. This Court ruled that a pre-accusation delay of eight and one half months did not violate the defendant's right to a speedy trial in *Rutledge v. State*, Okl. Cr., 527 P.2d 1373 (1974). Thus, it is clear that the delay in the instant case was very short.

The reason for the delay which is given by the State is that it was an unintentional delay caused by negligence. The defendant has not shown that there was a deliberate attempt to delay the trial, and therefore the reason for delay is not an important factor in this case. The fact of the defendant's assertion of right to a speedy trial is also not a significant factor in this case of pre-accusation delay. Rather, the most significant question in this case is whether or not the delay resulted in substantial prejudice to the defendant.

The defendant argues that the prejudice results from the fact that the State had filed two charges against him on June 21, 1976, which resulted out of the same incident on June 19, 1976, which formed the basis for the charge in the instant case. On June 21, 1976, the defendant was charged with Assault and Battery Upon a Police Officer, in violation of 21 O.S.1971, § 649, in Case No. CRM–76–786, and Interfering With a Police Officer, in violation of 21 O.S.1971, § 540, in Case No. CRM–76–787. The alleged victim in each of these cases was Officer S. F. Smith. The alleged victim in the instant case is David Orewiler. On September 7, 1976, Case No. CRM–76–787 was called for jury trial. The jury returned a verdict of not guilty in said case on September 10, 1976. On September 13, 1976, Case No. CRM–76–786 was dismissed. It is the defendant's contention that the State brought the charge in the instant case in order to penalize the defendant for receiving an acquittal on the first charge filed. We fail to find any evidence which would support that allegation. The defendant further argues that there is prejudice to the defendant because the State learned in the earlier case what the defendant's de-

fense would be in the instant case. We do not feel that this constitutes substantial prejudice to the defendant. In fact, at the hearing on the motion to dismiss not one witness was called, nor was any piece of evidence offered to the trial court as proof of actual prejudice to the defendant. In view of the fact that the defendant was not prejudiced and this is a pre-accusation delay, it is this Court's opinion that the court erred in sustaining the defendant's motion to dismiss, and said error amounts to an abuse of discretion.

It is, therefore, our opinion that the order of the District Court, Tulsa County, quashing the information should be, and the same hereby is, REVERSED and REMANDED, with instructions to vacate the judgment setting aside the information and to reinstate this cause upon the docket, and to proceed as if the order setting aside the information had never been entered. *State v. Durham*, Okl.Cr., 545 P.2d 805 (1976).

BLISS and BRETT, JJ., concur.