The STATE of Oklahoma, Appellant,

v.

Michael Wayne EDENS, Appellee.

No. O-76-969.

Court of Criminal Appeals of Oklahoma.

April 15, 1977.

As Corrected April 19, 1977.

Rehearing Denied June 14, 1977.

See also, Okl.Cr., 565 P.2d 707.

John G. Lanning, Dist. Atty., Bruce A. Peabody, Asst. Dist. Atty., Washington County, for appellant.

Michael L. Fought, Bartlesville, for appellee.

### OPINION

BRETT, Judge:

On the 5th day of May, 1976, Michael Wayne Edens, hereinafter referred to as defendant, was charged in the District Court, Washington County, Case No. CRF–76–249, with having committed the offense of Unlawful Delivery of Marihuana, on January 1, 1975, in violation of 63 O.S.Supp. 1975, § 2–401. On June 15, 1976, preliminary hearing was held, the defendant was bound over, and on June 22, 1976, the defendant filed a motion to set aside the information. The motion was based upon the delay of 17 months from the date of the offense, which occurred on January 1, 1975, and the filing of the information on May 5, 1976. The court sustained the defendant's motion to set aside the information on the ground that the defendant was denied his constitutional right to a speedy trial. At the close of the hearing the State gave notice in open court of its intention to appeal, and a timely appeal has been perfected to this Court.

■ The State's first assignment of error is that the District Judge erred in entertaining the defendant's motion to set aside the information, since said motion was not properly verified in accordance with 22 O.S. 1971, § 494, and therefore erred in the granting of said motion.

A review of the record indicates that the motion by the defendant to set aside the information in this case was not verified, as required by Section 494; however, the motion was heard by the District Judge, Washington County, without objection by the State, who now raises the lack of verification for the first time on appeal.

The State contends that failure to verify a motion to set aside an information is jurisdictional and therefore may be raised for the first time on appeal. It would appear that this is a question of first impression, but this situation is closely analogous to the requirement of verification of an information required by 22 O.S.1971, § 303. This Court has consistently held that if a defendant submits to the jurisdiction of the magistrate without challenging the information for its sufficiency for lack of verification such defect is waived. *Stucker v. State*, Okl.Cr., 493 P.2d 84 (1972), and *Harvell v. State*, Okl.Cr., 395 P.2d 331 (1964).

■ Likewise, if the State fails to challenge the sufficiency of the motion to set aside the information (motion to quash) for lack of verification such defect is waived. The first assignment of error is, therefore, without merit.

The State's second assignment of error is that the District Court erred in finding that the 17 month delay between the alleged date of the offense and the filing of the information was an unreasonable delay despite the State's representations that said delay was occasioned by the ongoing investigation of undercover agents, and use of a confidential informant. The defendant's motion which resulted in the setting aside of the information in question was based upon an alleged violation of his constitutional right to speedy trial.

■ However, as this Court observed in *Miller v. State*, Okl.Cr., 522 P.2d 642 (1974), citing *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), and *Kovash v. State*, Okl.Cr., 519 P.2d 517 (1974), the requirement of a speedy trial as protected by the United States Constitution and Oklahoma Constitution is not applicable in cases such as this, wherein pre-accusation delay is involved. The right to a speedy trial, protected both by the Sixth Amendment to the United States Constitution and Art. II, § 20, of the Constitution of the State of Oklahoma is limited in application, by express terms, to an "accused" and one is not an "accused" until an information or

indictment is filed, or where the person is in actual custody or has been arrested in the course of prosecution of the offense in question.[1] See, *Miller v. State,* supra. Also see generally, *State v. Duke,* Okl.Cr., 561 P.2d 582 (1977).

 The only valid issue in this case is the allegedly dilatory action on the part of the State in filing charges against the defendant. We feel that it is sufficient that the information in the instant case was filed well within the three year statute of limitations period prescribed by the Legislature in 22 O.S.1971, § 152. See, *Kovash v. State,* supra. Furthermore, insofar as it is inconsistent with our finding in this opinion, we expressly overrule *Grace v. Harris,* Okl.Cr., 485 P.2d 757 (1971). Therefore, we find the State's second assignment of error has merit.

It is the opinion of this Court that the order of the District Court, Washington County, quashing the information, should be, and the same hereby is *REVERSED* and *REMANDED* with instructions to vacate the judgment setting aside the information, and to reinstate this cause upon the docket, and to proceed as if the order setting aside the information had never been entered. *State v. Durham,* Okl.Cr., 545 P.2d 805 (1976).

BUSSEY, P. J., and BLISS, J., concur.

---

1. The Court notes that 22 O.S.1971, §§ 811 and 812, respectively provide a remedy for post-accusation delay, where there has not been a timely filing of an information or indictment after a person has been held to answer for a public offense; and, where without cause, there has not been a trial within the prescribed period after the filing of the indictment or information. Further, inasmuch as fixed jury terms have been abolished by S.B. 15, Ch. 134, § 2, of 1969 Session Laws, 32nd Legislature, and since 22 O.S.1971, §§ 811 and 812 have not been repealed, we interpret these statutes to contemplate a reasonable period of delay.