Jay Lee **COUNTRYMAN**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–77–470.

Court of Criminal Appeals of Oklahoma.

Nov. 29, 1977.

Max M. Berry, Ponca City, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Jay Lee Countryman, hereinafter referred to as defendant, was charged in the District Court, Kay County, Case No. CRF–73–38, with the offense of Distribution of a Barbituric Acid Derivative, in violation of 63 O.S.1971, § 2–401, ¶ B 2. The case was tried to a jury, and a guilty verdict was returned. Punishment was assessed at three (3) years' imprisonment and a fine of Five Hundred ($500.00) Dollars. From judgment and sentence defendant has perfected an appeal to this Court.

The State's evidence showed that on March 1, 1973, OSBI agent Harvey Pratt was summoned to Ponca City by Sheriff Coffelt. The sheriff introduced Pratt to a "confidential informant," who then took Pratt to a garage apartment in Ponca City. Defendant and several others were present when the informant and Pratt arrived. The informant introduced Pratt, using a false name. A "joint" was produced and passed around. Agent Pratt testified that he simulated smoking it. Agent Pratt then left the apartment, went to his car and turned the engine off. When he returned to the apartment he brought the informant's young child with him, who at first had remained in the car. Upon returning to the apartment the agent observed the defendant to have in his lap several baggies containing white pills. After some conversation defendant passed one of the bags to another person present in the apartment who removed some of the pills and gave them to agent Pratt, stating to Pratt that he could have those, and if he liked he could buy 100 more for $15.00. Thereupon the defendant gave Pratt a cellophane cigarette wrapper in which to hold the pills. As the agent was leaving, defendant remarked that it was necessary to take four pills in order to feel their effect. The pills were turned over to OSBI chemist John McCauliff who identified them in court and stated that they contained a derivative of barbituric acid.

Defendant's only witness was Valda Jo McElroy, who stated that she was the confidential informant who led agent Pratt to the apartment in question. The essence of her testimony was that defendant did not participate in the sale, but rather was watching television the entire time. She further stated that when agent Pratt left the apartment to turn off the ignition of his car one of the other persons in the apartment gave her the pills in a cigarette wrapper, and that when Pratt returned she gave the pills to him. She reiterated that defendant was watching television the entire time, and took no part in the transaction.

Sheriff Coffelt was then called on rebuttal by the State, giving testimony which is not necessary to recite for our purposes here.

Defendant complains in his first assignment of error of an abuse of discretion by the trial court. The trial of this matter was originally set for October 18, 1973. On that morning the State announced ready for trial, and several motions of defendant were heard. That afternoon the State moved for a continuance, based on the fact that a witness could not appear. It was asserted by the State that Harvey Pratt was ill and could not appear, and that the State had only learned of this fact that day. A continuance was granted over defendant's objection. Later that afternoon it was shown by defendant that the subpoena issued agent Pratt had been issued in the name of Harvey Glenn, and had not been served personally but only left at the OSBI Office for him. In light of this, defendant renewed his objections, but they were again overruled.

Defendant now contends that the court abused its discretion in granting a continuance under these circumstances. Defendant questions whether under the same circumstances he would have been granted a continuance, or whether he would have been forced to trial without his witness.

■ Be that as it may, we fail to see how defendant was prejudiced by the continuance. During the argument on the motion defendant asserted that if the continuance were granted he might have problems se-

curing the attendance of his witness on some future date. However, the record clearly reveals that these fears did not materialize. The only witness summoned by defendant, Valda Jo McElroy, appeared at trial and testified. Thus, any error which may have occurred was not a substantial violation of defendant's rights.

Defendant's second assignment of error asserts that he was denied a speedy trial. The cause having been continued as aforementioned, trial was reset for December 10, 1973. Defendant was originally scheduled to be tried with a co-defendant named George Buff. On December 10, during voir dire, a prospective juror made a comment to the effect that she had been in the courtroom during the trial of George Buff on another matter. Due to this comment the court declared a mistrial, over defendant's objection. Defendant now asserts that the court should have severed the co-defendants' trials and proceeded with that of defendant, and that the failure to do so constituted a denial of a speedy trial.

■ Defendant cites no authority in support of his contentions, and thus we are not bound to consider them. *Sandefur v. State,* Okl.Cr., 461 P.2d 954 (1969). In any case, the record clearly shows that immediately prior to voir dire and the incident outlined above, defendant moved for a continuance, which motion was overruled. Thus, when the court declared a mistrial the practical effect was to also grant defendant's motion for a continuance.

Defendant's third assignment of error is that his special motion of June 19, 1973, was erroneously overruled. The essence of this motion was that defendant was denied a speedy trial because of a two and a half month time lapse between the date of the offense and the filing of the charge. In support of his contention defendant cites *Grace v. Harris,* Okl.Cr., 485 P.2d 757, 758 (1971), wherein this Court stated in the third paragraph of the Syllabus that:

"Where the state knows of the commission of a crime, its apparent perpetrator, knows of the accused's location and even has custody of him on another charge, and fails to file a charge for nine months without showing good cause, the prosecution must be dismissed as a denial of the right to a speedy trial and due process of law."

■ We are of the opinion that defendant's contention is without merit. This Court has repeatedly held that delay for the purposes of protecting the identity of an undercover agent is for "good cause." See, *Miller v. State,* Okl.Cr., 522 P.2d 642 (1974).

■ Defendant's last assignment of error asserts that the prosecutor's argument was so prejudicial and inflammatory that reversal or modification is warranted. Defendant cites no authority in support of his proposition, and we are thus not bound to consider it. *Sandefur v. State,* supra. We have, however, examined each instance of alleged impropriety and find the allegations to be supported in one instance when the District Attorney continued his line of questioning outside the record, after the court admonished him to stay within the record.

For the foregoing reasons the judgment and sentence is modified to three (3) years' imprisonment, and as *MODIFIED* is *AFFIRMED.*

BUSSEY, P. J., and CORNISH, J., concur.