The STATE of Oklahoma, Appellant,

v.

Daniel G. BROWNFIELD, Appellee.

No. S–85–438.

Court of Criminal Appeals of Oklahoma.

May 20, 1986.

Ray Edelstein, Dist. Atty., Poteau, for appellant.

**MEMORANDUM OPINION**

BRETT, Judge:

Appellant, Daniel G. Brownfield, entered an oral Motion to Quash on the day of trial in LeFlore County, in Case No. CRF–85–438 and the District Judge sustained the motion; from that ruling, the State brings this appeal. 22 O.S.1981, § 1053.

The appellant in this case was charged in the preliminary information with First Degree Manslaughter; the underlying misde-

meanor was driving under the influence of intoxicants. The magistrate bound appellant over for trial, but directed the prosecutor to reflect in the formal information that the underlying misdemeanor was running a stop sign rather than driving under the influence, which was done. On the day of trial appellant filed an oral motion to quash the information. The argument in favor of the motion was that the information did not state facts to support a charge of First Degree Manslaughter. *Short v. State,* 560 P.2d 219 (Okl.Cr.1977). The district judge gave the prosecutor a chance to amend the information to charge appellant with negligent homicide. Appellant advised the court that he was ready to go to trial if the prosecutor would amend the information. The district attorney refused and advised the trial court he would appeal that ruling.

The State has not presented for review by this Court the issue that was before the trial court. The only question we are asked to consider is the propriety of the trial court entertaining an oral motion to quash after appellant had already pled not guilty to the information. The objection relates to the motion not being in writing or verified and to the motion being filed too late in the proceedings. The State did not object to the form of the motion at the time it was entered. The only objection voiced was to the substance of the motion and the short notice. In response to the short notice, the court delayed ruling on the motion for several days to give the district attorney an opportunity to respond.

This issue has been answered by this Court in *State v. Edens,* 565 P.2d 51 (Okl. Cr.1977). In that case, as in the instant case, the State did not object to the form in which the motion was presented until it was appealed. The State has waived the objection so the issue is moot. Further, since the State has not presented the issue of the sufficiency of the information for review it will not be addressed. Judgment AFFIRMED.

PARKS, P.J., and BUSSEY, J., concur.