1997 OK CR 75

STATE of Oklahoma, Petitioner,

v.

The Honorable Donald E. POWERS, Presiding Judge of the Oklahoma Multi–County Grand Jury, Respondent.

Nos. P 97–1273, P 97–1274.

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1997.

## ORDER GRANTING APPLICATIONS TO ASSUME ORIGINAL JURISDICTION AND GRANTING WRITS OF PROHIBITION

¶ 1  On September 18, 1997, the State of Oklahoma filed Applications to Assume Original Jurisdiction and Petitions for Writs of Prohibition against the above-named Respondent in the above-styled cases. The matters were assigned different case numbers because the "real parties in interest" are different. In Case No. P 97–1273, the real party in interest is Carolyn Tait (hereafter "Tait"), quality control manager and former claims management supervisor for Lindsay Morden Claim Services. In Case No. P 97–1274, the real party in interest is Lindsay Morden Claim Services. The issues raised in P 97–1274 and P 97–1273 are identical and, for that reason, the matters will be handled together.

¶ 2  The record reflects that three (3) employees of Lindsay Morden Claim Services were called to testify before the Multi-county Grand Jury, empaneled under Case No. CJ 96–6795, which is investigating the Oklahoma State Insurance Fund. Paul Maggi and Mi-

chael Young testified on July 30, 1997, and the above referenced Tait testified on July 31, 1997.

¶3 On August 1, 1997, Lindsay Morden Claim Services, through counsel, requested the Attorney General reveal whether it was a "target, subject or accused" in the investigation of the Oklahoma State Insurance Fund. On August 4, 1997, Tait made a similar request. On August 5, 1997, the Attorney General's office, through correspondence, formally refused to identify whether Lindsay Morden Claims Services, or its employee Tait, were targets, subjects, or accuseds in the investigation being conducted by the Multi-county Grand Jury.

¶4 On August 12th and 19th, 1997, Lindsay Morden Claim Services and Tait filed formal Applications in the District Court of Oklahoma County seeking orders requiring the State to disclose their status and orders requiring the grand jury to hear evidence on their behalf before seeking, deliberation of, issuance or rendering any indictments against them. Respondent, the Honorable Donald Powers, Presiding Judge of the Oklahoma Multi-county Grand Jury, issued two separate Orders in Case No. CJ 95–6795, on August 19, 1997, granting the Applicants' requests. Specifically, Respondent ordered the State to disclose to Lindsay Morden and Carolyn Tait if it or she "becomes a target, subject, potential Defendant or accused of the Grand Jury" and that they be permitted to "present evidence to the Grand Jury, and the Grand Jury be ordered to hear the same, prior to and as a condition of any indictment being sought, deliberated, issued or rendered" against them.

¶5 The State, through the Attorney General's office, takes issue with Respondent's Orders and seeks a writ of prohibition directing Respondent to withdraw his August 19, 1997 Orders and to enter Orders denying Lindsay Morden's and Tait's Applications.

¶6 For a writ of prohibition, Petitioner must establish that (1) a court, officer or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy.

*Maynard v. Layden,* 830 P.2d 581, 583 (Okl. Cr.1992). The adequacy of a remedy is to be determined upon the facts of each particular case. *State ex rel. Wise v. Clanton,* 560 P.2d 588, 591 (Okl.Cr.1977); Rule 10.6(A), *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1996, Ch.18, App.

¶7 The State argues that a writ of prohibition is the only appropriate remedy in this case, because Respondent's Order(s) require the State to do something, "i.e. notify proposed witnesses if they are, or become a target, subject, potential Defendant or accused," which is not authorized or required by law. The State suggests this same issue could recur with every witness to come before the grand jury and the State has no remedy except to risk being held in contempt or to comply and appeal. According to Petitioner, "[A]n appeal would be an inadequate and useless procedure in that the Court, in the instant case, is clearly acting without authority."

¶8 The State submits that Respondent's Order, substantively identical in each underlying matter, is unauthorized by law because the applicable statute, 22 O.S.1991, § 335, only provides that the grand jury hear evidence "upon request of the accused ...". The terms "target," "subject," and "potential defendant" are not expressed in the statute. Thus, the State contends, Respondent has so broadened the language of the applicable statute that its effect will be to require the grand jury, as a condition precedent to deliberations, to notify all witnesses that they may need to present evidence. Such a requirement, contends the State, would impede and shut down grand jury investigations.

¶9 Respondents, the real parties in interest, contend that if there was any error in Judge Powers' Orders it was an error of discretion and a writ of prohibition is therefore inappropriate. According to Respondents, the Orders the State seeks to prohibit were issued one day before the grand jury term was scheduled to expire. The term was not extended to October 20, 1997, until after the Orders issued. Respondents make a persuasive argument that certainly by one day prior to the expiration of a grand jury term,

the grand jury ought to know who the potential "accuseds" are and should notify them in order that they be afforded an opportunity to request the grand jury to hear evidence and/or witnesses on their behalf. Respondents further argue that the term "accused" in the context of § 335 should be afforded a much broader definition than that suggested by the State.[1] Respondents note that Lindsey Morden and Tait are precisely the type of parties § 355 was designed to protect and the only logical interpretation of the term "accused" in the context of grand jury proceedings is one which encompasses potential targets and potential subjects of forthcoming grand jury indictments.

¶ 10 On October 4, 1995, the Oklahoma Supreme Court convened the Multi-county Grand Jury by Order. "All matters not specifically governed by the provisions of the Multi-county Grand Jury Act shall be subject to the provisions governing grand juries...." 22 O.S.1991, § 350. The Multi-county Grand Jury Act does not define the term "accused," and does not contain any provision authorizing any witness or other person to present evidence. Therefore, in absence of any authoritative provision in the Multi-county Grand Jury Act, we turn to the State's general statutes dealing with grand juries. *See* 22 O.S.1991, § 311 *et.seq.*

¶ 11 Section 333 of Title 22 provides:

In the investigation of a charge for the purpose of presenting an indictment or accusation, the grand jury may receive the written testimony of the witnesses taken in a preliminary examination of the same charge, and also the sworn testimony prepared by the district attorney without bringing those witnesses before them, and may hear evidence given by witnesses produced and sworn before them, and may also receive legal documentary evidence. Each indictment or accusation shall be voted on separately by the grand jury.

22 O.S.1991, § 333. Immediately following[2] the above quoted section dealing with evidence before the grand jury is § 335, entitled "Evidence for the accused—Procuring additional evidence." 22 O.S.1991, § 335. Section 335 states:

The grand jurors, upon request of the accused, shall, and on their own motion may, hear the evidence for the accused. It is their duty to weigh all the evidence submitted to them and when they have reason to believe that there is other evidence, they may order such evidence to be produced, and for that purpose the State's Attorney shall cause process to issue for the witnesses.

22 O.S.1991, § 335.

¶ 12 The term "accused" is not defined in our statutes. It is significant that the only mention of the "accused" in the grand jury statutes appears in § 335, immediately following the section which specifically provides the grand jury may receive written testimony from witnesses "taken in a preliminary examination of the same charge ...". 22 O.S.1991, § 333. These statutes, when read together, reveal that the term "accused," in the context of § 335, clearly refers to an individual who already has been charged with a public offense.

¶ 13 Such an interpretation is consistent with this Court's prior discussions of the term "accused." *See e.g. State v. Edens,* 565 P.2d 51, 52–53 (Okl.Cr.1977), *overruled on other grounds in Buis v. State,* 792 P.2d 427 (Okl.Cr.1990)("one is not an 'accused' until an information or indictment is filed, or where the person is in actual custody or has been arrested in the course of prosecution of the offense in question."); *Miller v. State,* 522 P.2d 642, 643 (Okl.Cr.1974); *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Just as the framers of the United States' Constitution could have used a term other than "accused" if they had intended the speedy trial provision to protect against pre-accusation delay, *Marion, Id.,* 404 U.S. at 318, 92 S.Ct. at 460, the drafters

---

1. The State relies upon a definition of "accused" set forth by the Court of Criminal Appeals in *State v. Edens,* 565 P.2d 51 (Okl.Cr.1977), *overruled on other grounds in Buis v. State,* 792 P.2d 427 (Okl.Cr.1990). The definition was discussed there for the purpose of establishing when state and federal constitutional speedy trial provisions were applicable.

2. Section 334 was repealed in 1978.

of Oklahoma's grand jury statutes and § 335 could also have chosen a broader term than "accused" if they had intended for "targets," "subjects," and "potential defendants" to present evidence to the grand jury.

¶ 14  Accordingly, we believe the writ of prohibition should issue and the State should not be required to disclose to the grand jury witnesses whether they are targets, subjects or potential defendants. Only those witnesses who are or become "accused" are entitled by law to have the grand jury hear evidence on their behalf.

¶ 15  *THEREFORE IT IS THE ORDER OF THIS COURT* that the Applications to Assume Original Jurisdiction and Petitions for Writ of Prohibition are hereby *GRANTED* and these matters are hereby *REMANDED* to the Honorable Donald E. Powers, Presiding Judge of the Oklahoma Multi-county Grand Jury, for entry of appropriate orders in conformance herewith.

**IT IS SO ORDERED.**

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ James F. Lane
JAMES F. LANE, Judge

CHAPEL, P.J., and JOHNSON, J., dissent.

CHAPEL, Presiding Judge, dissenting:

¶ 1  I begin by examining the relevant provisions of the Multi-county Grand Jury Act.[1]  The majority Order states that the Act "does not contain any provision authorizing any witness or other person to present evidence."[2]  This assertion is somewhat misleading. The Act does provide that the Multi-county Grand Jury may: compel the attendance of witnesses; compel the testimony of witnesses under oath; require the produc-

tion of documents, records and other evidence; and exercise any investigative power of any grand jury of the state.[3]  The Act expressly provides that all matters not specifically governed by its provisions shall be subject to the general provisions governing grand juries.[4]  Like the Order, I look to the grand jury provisions for guidance, but I believe the majority misinterprets those provisions.

¶ 2  Because Section 335 fails to define "accused," the majority Order emphasizes the language in Section 333 allowing for written testimony from witnesses "taken in a preliminary examination of the same charge," and asserts that the proximity of this section to Section 335 indicates that "accused" refers to a person already charged with an offense. This interpretation ignores other language in the statute. Under Section 333, a grand jury may also hear and receive testimony offered by witnesses and may receive legal documentary evidence.[5]  The Order also refers to *State v. Edens,*[6] which confines the term "accused" to one who has been indicted or is in actual custody or has been arrested during the prosecution of an offense. Yet the definition adopted in *Edens* arises in a criminal trial context, while this case involves a grand jury proceeding. These two situations are clearly distinct. The Order suggests the Legislature could have chosen a broader term than "accused" in Section 335, but nothing in the grand jury statutes suggests the Legislature intended to limit "accused" in Section 335 to persons already charged with a crime. Indeed, this robs the section of its force, since most persons targeted for a grand jury investigation have not been charged with any crime. The language in Section 333 is much broader in scope than the majority's interpretation allows.

¶ 3  I would equate "accused" with "target" or "potential defendant." In this respect, I would define an "accused" as a person as to whom the prosecutor or the grand

---

1.  22 O.S.1991, § 350 et seq.

2.  Order at 999, ¶ 10.

3.  22 O.S.1991, § 354.

4.  22 O.S.1991, § 350.

5.  22 O.S.1991, § 333.

6.  565 P.2d 51, 52–53 (Okl.Cr.1977), *overruled on other grounds in Buis v. State,* 792 P.2d 427 (Okl.Cr.1990).

jury has substantial evidence linking her to the commission of a crime and who, in the judgment of the prosecutor, is a putative defendant.[7] Using this definition, Judge Powers here had the authority to order the State to tell Lindsay Morgan and Tait if they were targets of the grand jury investigation.

¶ 4 In the context of a grand jury proceeding, I believe that an accused has a right to be notified of her status. Section 335 requires the grand jurors, upon request of the accused, to hear evidence for the accused.[8] This case demonstrates the importance of affording a witness this right. If Lindsay Morden and Tait had received "target" warnings, they would have had the opportunity to present witnesses on their behalf. Without this right to notice, the State could simply refuse to classify a person as an accused, as here, until the proceedings ceased and thereby deprive a grand jury witness of a statutory right.

¶ 5 There is also a potential federal constitutional right involved. In *United States v. Washington*, the Supreme Court explicitly held that grand jury witnesses are not constitutionally entitled to "target" or "potential defendant" warnings.[9] In *Washington*, the Court appeared to rely on the fact that prior to his testimony, the grand jury witness was given warnings concerning his right to remain silent and his right to avoid self-incrimination.[10] The Supreme Court has not yet addressed the question of whether any Fifth Amendment warnings whatsoever are constitutionally required for grand jury witnesses. Three Circuits for the U.S. Court of Appeals have concluded that failure to provide any warning at all is error.[11] My recommendation is that, to avoid this potential problem and to preserve state statutory rights, the State should provide the witness with a notice regarding her status as a witness and a warning (if the witness is a target or an accused) in writing at the time she is ordered to appear before the grand jury.

¶ 6 I am authorized to state that Judge Johnson joins in this dissent.

---

7. The Department of Justice also uses this definition. *See* U.S. Attys. Man. 9–11.150.

8. 22 O.S.1991, § 335.

9. *United States v. Washington*, 431 U.S. 181, 189, 97 S.Ct. 1814, 1820, 52 L.Ed.2d 238 (1977).

10. *Washington*, 431 U.S. at 188–89, 97 S.Ct. at 1819–20 (events including warnings and the police investigation clearly put respondent on notice that he was a suspect).

11. *United States v. Jacobs*, 547 F.2d 772 (2d Cir.1976)(suppressing grand jury testimony as a sanction for failing to provide warnings of target status); *United States v. Crocker*, 568 F.2d 1049, 1056 (3d Cir.1977)(endorsing the practice of the Second Circuit); *United States v. Pacheco–Ortiz*, 889 F.2d 301 (1st Cir.1989)(finding the prosecutor's failure to give target warnings was error but declining to impose sanctions). The majority's narrow interpretation of "accused" would deprive a trial court of the authority to consider this potential constitutional question. The Legislature cannot prohibit a trial court from deciding a constitutional issue, and I do not believe it intended that result.